————O————

JOHN G. KINCAID, Plaintiff in Error, *vs.* WILLIAM F. YATES, Defendant in Error.

1. *Principal and surety—Extension of note with forged signatures of sureties, taken on misrepresentations—Sureties to original paper not released.*—It is settled law that if the creditor enters into a binding contract, the effect of which will be to give further time to the principal debtor, without the consent of the surety, the surety will be discharged. But where an original note, having the names of sureties attached, is surrendered, and a second, having the same names is taken in extension of the debt, by reason of representations that the signatures of the sureties are genuine, the payee may, on discovery that they are forged, repudiate the new contract, and hold the sureties on the original paper.

*Error to Ray Circuit Court.*

*D. P. Whitmer, with J. W. Shotwell,* for Plaintiff in Error, cited : Dodd vs. Winn, 27 Mo., 501 ; Dunn vs. Wade, 23 Mo., 207 ; State Sav. Ass'n of St. Louis vs. Kellogg, 52 Mo., 583 ;

Heralson vs. Mason, 53 Mo., 211 ; State to use, etc. vs. Patton, 42 Mo. 530 ; State to use, etc. vs. Matson, 38 Mo., 489 ; Wagn. Stat., ch. 132, §§ 5, 6, 7, 8.

*C. F. Garner*, for Defendant in Error.

The creditor has no right, and it is against the faith of his contract, to give time to the principal, even though manifestly for the benefit of the surety, without the consent of the surety. (Fell's Law Guar. & Sur., p. 213 ; Lynch vs. Reynolds, 16 John., 61 ; Robertson vs. Vogle, 1 Dal., 252 ; 2 Am. Lead. Cas., 272–4, 275.)

Plaintiff shows no cause of action. It is manifest on the face of the petition that there was collusion and fraud between the original payee in the note and the plaintiff in this suit, by which defendant was prejudiced.

HOUGH, Judge, delivered the opinion of the court.

This was an action by the plaintiff, as surety, against the defendant, as his co-surety, for contribution.

The petition states the following facts : On the 12th day of January, 1861, Joseph D. Nelson executed and delivered to one Caroline Sinclair, a promissory note for the sum of two thousand eight hundred and eighty-one dollars and forty-five cents, with the plaintiff and the defendant as his sureties. Some time after the maturity of said note, Caroline Sinclair, who then resided in Kentucky, requested Nelson, who, with the sureties, lived in this State, to renew said note. Nelson sent her a note in renewal, signed by himself, and having also the names of the plaintiff and the defendant signed thereto, which Mrs. Sinclair thought at the time were their genuine signatures, and so believing, returned to Nelson the original note. Neither Yates nor Kincaid had ever signed, or authorized any one to sign for them, the second note. Nelson died insolvent in possession of the original note, which afterwards came to the possession of the defendant, as his administrator. Neither Nelson nor the defendant ever paid any part of the debt to Mrs. Sinclair. Upon discovering that the signatures of Yates and Kincaid were not genuine, Mrs. Sinclair, in

1868, sued Yates, then a resident of Kentucky, upon his liability as surety on the first note, for the full amount thereof and interest, and he, as he alleges, having no legal or equitable defense thereto, "compromised, settled, and fully discharged said note."

Plaintiff prayed judgment against the defendant for half the amount of the first note and interest. The amount paid by plaintiff is not stated, and the petition is not as definite in other respects as it should be.

The question of the sufficiency of the petition was raised, after issue joined, by an objection at the trial to the introduction of any evidence under it. The objection was sustained, final judgment was rendered against the plaintiff, and he has brought the case here by writ of error.

The only question of importance presented for our determination is, whether the delivery, by Nelson to Mrs. Sinclair, of the second note executed in the manner described in the petition, and the surrender by her to him of the original note, had the effect of releasing the sureties, Yates and Kincaid, from any further liability on the original note. If it did, the plaintiff's petition contains no cause of action against the defendant.

It is settled law that if the creditor enters into any binding contract, the effect of which will be to give further time to the principal debtor, without the consent of the surety, the surety will be discharged. And the reason why such contract releases the surety is, that the creditor thereby puts it out of his power to enforce immediate payment from the principal, where the surety would have a right to require him to do so.

Was Mrs. Sinclair bound to give Nelson the extension of time allowed by the second note, whatever it was, when she received said note and returned the original note to him, believing that the signatures of the plaintiff and the defendant to the second note were genuine? We think not. It was an extension procured by the fraud of Nelson, and unless she accepted the second note as a renewal of the first note, after she discovered the deception which had been practiced upon her, we think she was not bound by its terms.

If she did so accept it, that is a matter of defense. It does not appear from the petition that she did. She was at liberty to repudiate the new contract when she discovered that the sureties' names were forged ; and she did not, therefore, deprive herself of the right to sue Nelson on the first note by the acceptance of the second, under the circumstances stated in the petition. We cannot know from the petition that the sureties took any action to protect themselves prior to the discovery by Mrs. Sinclair, of the fraud practiced upon her, and the effect of such action, if taken, would depend upon circumstances.

The facts we have extracted from the petition were not stated with as much particularity as they should have been, but we think the petition would support a judgment. The circuit court erred in refusing to hear testimony under it, and its judgment will be reversed and the cause remanded. The other judges concur, except Judge Vories, who is absent.