JAMES B. EBY, M. A. EBY, LOUIS R. EBY, JOSEPH M.
    BRANNAN, CORNELIUS D. RYAN, HORATIO R.
    TAYLOR, THOMAS BARNETT, D. T. HEDGES, AND
    D. T. HEDGES, SURVIVING PARTNER OF C. E. AND
    D. T. HEDGES, PLAINTIFFS IN ERROR, v. JOHN
    RYAN, DEFENDANT IN ERROR.

1.  Mortgage: EXTENSION OF TIME FOR PAYMENT: FORECLOS-
    URE: PLEADING. E. executed to R. a real estate mortgage to
    secure the payment of a promissory note at maturity. Sub-
    sequent thereto, upon a sufficient consideration, R. extended
    the time of payment to five years from the time of the ma-
    turity of the note. Prior to the expiration of the extended term
    R. brought suit for the foreclosure of the mortgage, but in his
    petition made no reference to the agreement for extension, nor
    alleged any default thereunder. T. and C. D. R., subsequent
    purchasers, who were made defendants, answered, setting up
    the extension and their purchase on the faith thereof. R. de-
    murred to these answers as not containing facts sufficient to
    constitute a defense. *Held,* That the averments of the answers
    were sufficient to constitute a defense.

2. ——— : ——— : CONSIDERATION. A new agreement, upon a sufficient consideration, extending the time of the payment of a note and mortgage to a day certain, has the effect, in equity, of modifying the original condition of the mortgage to the same extent as if the terms of the new agreement were incorporated into the condition, and where it is claimed that a default has occurred after the extension by which the mortgagor would be entitled to a foreclosure, such default should be alleged in the petition in order to state a cause of action.

ERROR to the district court for Dakota county. Tried below before CRAWFORD, J.

*Mell C. Jay* and *W. E. Gantt,* for plaintiffs in error, cited: *Burt v. Saxon,* 1 Hun., 551. 2 Jones on Mortgages, Secs. 1189–1191. Hilliard, Secs. 449, 585. *Union Central Life Ins. Co. v. Bonnell,* 35 Ohio State, 365. Maxwell's Pl. and Pr., 310, 311. 1 Bate's Pleading, 577. *Scheibe v. Kennedy,* 25 N. W. R., 646.

*Joy, Wright & Hudson,* for defendant in error, cited : 1 Nash Pl. & Pr., 344. 2 Estee Pl. & Pr., 250. Maxwell's Pl. & Pr., 250. *Pope v. Hooper,* 6 Neb., 180. *Mundy v. Whittemore,* 15 Id., 650. Miller's Pl. & Pr., 173. *Insurance Co. v. Bonnell,* 35 Ohio State, 365.

REESE, J.

This action was commenced in the district court by defendant in error for the foreclosure of a real estate mortgage given by James B., M. A., and Lewis R. Eby to secure the payment of their joint promissory note for the sum of $2,000. The note was executed on the 18th day of November, 1881, due five years after its date, with interest at ten per cent per annum, payable annually. The mortgage is in the usual form, and contains a provision that if the interest "is not paid when the same is due, then, and in that case, the whole of said sum and interest

shall, and by this indenture does, immediately become due and payable."

The action was instituted on the 24th day of January, 1887. It is alleged in the petition that no part of the note has been paid, except the interest thereon, up to the 18th of November, 1884. A decree is prayed for the amount due upon the note. The other defendants are made parties to the suit as having acquired an interest in the property subsequent to the execution of the mortgage, and a foreclosure of such interests is also demanded.

Defendant Horatio R. Taylor filed his separate answer, admitting the execution and delivery of said note and mortgage, and that nothing but interest to Nov. 18, 1884, had been paid on said note, and, further answering, alleges, "That on or about the second day of November, 1885, James B. Eby and Louis R. Eby, defendants herein, and Horatio R. Taylor, this defendant, entered into an agreement in writing concerning the sale of the milling property described in the plaintiff's petition.

"That said agreement was filed in the office of the clerk of Dakota county, Nebraska, and recorded in book ' A,' page 302 of        and a copy of said agreement, marked exhibit ' A,' is hereunto attached and made a part of this answer.

" By the conditions of said agreement the above named James B. Eby and Louis R. Eby, for and in consideration of certain things hereinafter mentioned to be performed by this defendant, agreed to assume as their own debt the mortgage now held by John Ryan against the milling property aforesaid, and if they can not pay the mortgage off and have the same canceled on the records they agree to get an extension of the mortgage for five years.

" That in pursuance of said agreement the said James B. Eby and Louis R. Eby procured and obtained from John Ryan, plaintiff herein, an extension, in the words and figures following, to-wit:

" I agree to extend the time on a mortgage and note I hold against the Eby Bros.' mill property for three years from the time it is due, providing certain improvements' are made that are now on record on the county records between Eby Bros. and Horatio R. Taylor are done on said mill property.

"JOHN RYAN.

" That this defendant has performed the conditions on his part to be performed, as required by said article of agreement, to-wit, to put in the mill on said property above described three double sets of rolls, and the machinery necessary in addition to put the mill in condition such that it will make and manufacture a good grade of flour; and that the said H. R. Taylor shall place the mill in a condition that it will manufacture a good grade of flour, within six months from the date of this contract.

" That in pursuance of the said article of agreement the deed held in escrow (according to contract between Eby Bros. and H. R. Taylor) was delivered to this defendant and filed for record on the 19th day of April, 1886, and record in deed book ' O,' page 285.

"That after the conveyance of the undivided one-half interest in the mill property aforesaid by a deed of general warranty from James B. Eby, M. A. Eby, and Louis R. Eby to Horatio R. Taylor, this defendant, the defendants, James B. Eby, M. A. Eby, and Louis R. Eby, conveyed to Joseph M. Brannan and Cornelius D. Ryan all their right, title, and interest in and to the above described property by a deed of general warranty, bearing date Sept. 10, 1886, and recorded in the office of the clerk of Dakota county, in book ' O,' page 412."

And on February 28, 1887, Cornelius D. Ryan filed his separate answer, setting up the same defense, and, also, alleging that he and Joseph Brannan purchased by warranty deed all the right of said James B. Eby, M. A. Eby, and Louis R. Eby to the said real estate, and that

their purchase was made in good faith and on the strength of the agreement of plaintiff to extend the time of the payment of said note and mortgage.

The answers of defendants Hedges relate to a mistake in the description of the property in the mortgage, and have no further connection with this case.

May 9, 1887, plaintiff filed a general demurrer to the answers of H. R. Taylor and C. D. Ryan, which the court sustained, and on proofs adduced rendered a decree of foreclosure for the sum of $2,520.88.

The defendants bring this case to this court by proceedings in error, and allege that the court erred :

1st.   In sustaining the demurrer to the answers of C. D. Ryan and Horatio R. Taylor;

2d.   The court erred in its findings in said cause, for the reason that no facts are set forth in said petition on which to base the same; and

3d.   The court erred inr endering judgment for plaintiff and against defendants.

The petition filed by defendant in error was in the usual form for declaring upon a matured note and mortgage. No reference is made to the agreement to extend the time of payment, and hence no reference to a failure on the part of plaintiffs in error to comply with the terms of the contract by which the time of payment was extended.   The answers presented this issue.

By them the contract of extension is pleaded, their reliance thereon at the time of their purchase, and that by the terms thereof the note has not matured.   These allegations are admitted by the demurrer.   The question then is, do they present a defense to the case presented by the petition of defendant in error?

It is not contended, nor could it be, that there was not sufficient consideration to sustain the agreement to extend the time of the maturity of the note and mortgage.   The time of payment being extended, the right to foreclose

is suspended until the expiration of the extended term, unless default be thereafter made. The extension of the time of payment has the effect in equity of modifying the original condition of the mortgage to the same extent as if the terms of the new agreement were incorporated into the condition. *Insurance Company v. Bonnell,* 35 O. S., 365. It follows that if defendant in error had the right to foreclose the mortgage, it existed by virtue of some default occurring subsequent to the agreement for extension. This being true, the default should have been alleged in the petition. 2 Jones on Mortgages, section 1452. But this was not done. The answers set up the fact of the extension of time, and this was admitted by the demurrer. Therefore, on the face of the pleadings there was no default, and hence no cause of action. The demurrer should, therefore, have been overruled.

The judgment of the district court is reversed, the demurrer overruled, and the cause remanded, with leave to defendant in error, in case the interest is not paid, to file an amended petition, upon payment of all costs.

REVERSED AND REMANDED.

THE other judges concur.