# WILLIAM H. REYNOLDS
## v.
## L. E. BARNARD.

*Negotiable Instruments — Note — Principal and Surety — Release of Surety—Extension—Judgment.*

1. It is error to set aside a judgment by default against joint defendants as to one of them only, and, upon his pleading and the issues being found against him, to enter a separate judgment for a different amount against him, leaving the judgment by default to stand against the other defendant.

2. An agreement between the maker and payee of a note after maturity, without the knowledge and consent of the surety, to extend the note for a certain time in consideration of the maker's keeping the money thereby secured for that time, and paying interest thereon at the rate specified in the note, releases the surety.

3. Under the statute of this State it is not necessary that an agreement to extend the time of payment of a promissory note be in writing.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Knox County; the Hon. A. A. SMITH, Judge, presiding.

Mr. GEO. W. THOMPSON, for appellant.

"There is no warrant in law for rendering separate judgments for different amounts against defendants severally when sued in a joint action upon a contract and all are served with process."

"When a judgment by default against two defendants was set aside as to one, and a trial had, and a judgment rendered as to him for a less sum than the judgment against the other, *held*, that the proceedings were erroneous, and that the default should have been set aside as to both, and on the trial damages should have been assessed against both and judgment rendered thereon." Gould v. Sternberg, Adm'x, etc., 69 Ill. 531; Faulk v. Kellums, 54 Ill. 189; Flake v. Carson, 33 Ill. 518; Stewart v. Peters, 33 Ill. 384; Briggs v. Adams, 31 Ill. 486; Gribbin v. Thompson, 28 Ill. 61; Fuller

v. Robb, 26 Ill. 246; Dow v. Rattle, 12 Ill. 373; Davidson v. Bond, 12 Ill. 84; Howell v. Barrett, 3 Gilm. 433; Wight v. Meredith, 4 Scam. 360; Russell v. Hogan, 1 Scam. 552; Logan v. Burr, 3 Ill. App. 458; Enterprise Distilling Company v. Bradley, 17 Ill. App. 509; People v. McFarland, 9 Ill. App. 275; Felsenthal v. Durand, 86 Ill. 230.

Where the payee of a promissory note makes a binding agreement with the principal debtor, without the consent of the surety to extend the time of payment of the note, the surety is thereby discharged from his liability. From the multitude of cases on this point we only cite a few: First National Bank of Winona v. Pierce et al., 99 Ill. 272; Brandt on Suretyship, 455; Warner v. Campbell, 26 Ill. 282.

A contract between the payee and the principal debtor in which the payee agrees to extend the time of payment of the note a definite period, and the debtor agrees to retain the money for that definite period and pay interest thereon at the rate mentioned in the note, contains all the elements of a binding contract, and there is a valuable consideration to both. The payee secures his interest for such period and the debtor relinquishes the right to pay the debt and stop the interest and gets the use of the money. Crossman v. Wohlleben, 90 Ill. 537; McComb v. Kitteridge, 14 Ohio, 351; Wood v. Newkirk, 15 Ohio St. 295; Fowler v. Brooks, 13 N. H. 240; Davis v. Lane, 10 N. H. 156; Chute v. Pattee, 37 Me. 102; Robinson v. Miller, 2 Bush (Ky.), 189; Stallings v. Johnson, 27 Ga. 564.

Mr. Charles S. Harris, for appellee.

This court can enter the proper judgment in this case, and then affirm it; or it can remand it to the Circuit Court with directions to that court to enter the proper judgment. Section 81, Practice Act; Thomlinson v. Earnshaw, 14 Ill. App. 593; Masters v. Masters, 13 Ill. App. 611; West Chicago Alcohol Works v. Sheer, 104 Ill. 586; Church v. Jewett, 1 Scam. 55; Peck v. Stephenson, 5 Gilm. 127.

An extension of time given the principal debtor by the creditor will not release the surety unless the two make a

binding agreement to which the latter has not expressly or tacitly consented, " which materially changes the terms of the original contract." The surety is only released from liability " when a new contract has been made," to which he is not a party.

Such agreement must be founded on a good consideration and be binding on the parties to it. It must suspend the right of action on the part of the creditor. Waters v. Simpson, 2 Gilm. 570–4; Gardner v. Watson, 13 Ill. 347–352; Galbraith v. Fullerton, 53 Ill. 126–7; Villars v. Palmer, 67 Ill. 204; Newell v. Waller, 12 Ill. App. 306; Byles on Bills, 136 (star p.); Crossman v. Wohlleben, 90 Ill. 537.

Appellant relies on the agreement of Marsh to keep the money six months and pay eight per cent interest on it as the consideration for the agreement of appellee to extend the time of payment. If such an agreement had been made (which I think appellant has failed to prove) it would not have been binding on the parties to it unless it had been reduced to writing. Sec. 4, Chap. 74, R. S.

C. B. SMITH, J. This was a suit brought upon a promissory note payable to L. E. Barnard and signed by A. H. Marsh, principal, and Wm. H. Reynolds as surety. The note was for $600. The summons was returnable to the June term.

Both defendants were sued and both served in due time. On the first day of the term, the defendants, in default of a plea, were defaulted, and the damages assessed against them both at $649.33, and judgment entered upon the assessment. On the second day of the term appellant Reynolds appeared and moved the court to set aside the judgment and the default, and asked leave to plead. The court allowed the motion and set aside the judgment and the default as to Reynolds, only leaving it stand as to Marsh.

Reynolds pleaded the general issue, and two special pleas setting up that he was surety for Marsh on the note, and that Barnard knew that fact at the time of the making of the note, and that after the note became due and payable, Barnard

extended the time of payment to Marsh for six months, and that Marsh, in consideration of the extension, agreed to keep the money the full term of six months and pay eight per cent interest thereon, and that such agreement for such extension was made without the knowledge or consent of appellant, and upon a valuable and sufficient consideration, whereby appellant was released. Issue was joined on these pleas, a jury waived and a trial had before the court, which resulted in the court finding the issues for the plaintiff and assessing his damages at $654.67, and a separate judgment was rendered against Reynolds for that amount.

The court overruled a motion for a new trial and appellant now appeals to this court and brings the record before us and assigns errors upon it.

The first error assigned is that the court erred in rendering separate judgments for different amounts against joint and co-defendants, upon a joint cause of action, when they were both sued jointly and served to the same term.

This error is well assigned; such a judgment is erroneous.

The correct rule of proceeding in such case is laid down in Gould v. Sternburg, 69 Ill. 531. The judgment against both should have been set aside and the default only allowed to stand as to Marsh, and, in case Reynolds was found liable on the issues joined as against him, then the same amount of damages assessed against him should have been assessed as to both the defendants, and judgment for the same amount be rendered against both.

In case Reynolds succeeded in the defense interposed, which was personal to him, then the original assessment and judgment on default, as to the defendant Marsh, should have been restored as against him. Faulk v. Kellums, 54 Ill. 189; Distilling Co. v. Bradley, 17 Ill. App. 509.

It is also assigned as error that the court erred in holding as law the sixth proposition submitted by plaintiff, and in refusing to hold as law the first and second propositions submitted by appellant. The first and second propositions asked by the defendant to be held and refused by the court, are as follows: "Refused. 1. If the court believes, from all the evi-

dence, that W. H. Reynolds was only a surety on the note sued on and received no part of the consideration for the making of the note, and that Barnard, the plaintiff, knew before advancing the money on said note that Reynolds was only a surety on said note, then if the court further believes that on the 23d day of May, 1888, Barnard, the payee, made an agreement with the principal maker of the note, Marsh, that he would extend the payment on said note six months or to November 23, 1888, and at the same time Marsh, the maker, agreed to retain the money due on said note and payment on the same at the rate specified in said note from the 23d day of May, 1888, to the 23d day of November, 1888, or for six months from May 23, 1888, and that such agreement for extension was made without the knowledge or consent of the surety, Reynolds, then, as a matter of law, the court holds that such agreement for extension and payment of interest for such time is such an agreement as would in law release the surety, Reynolds.

"Refused. 2. The court holds as a matter of law that an agreement between the payee of a note and the principal maker of the note, made after the note was due, wherein the payee agrees to give the principal maker an extension for six months, and that the note is not to be paid for six months from a certain day, and at the time of making the agreement for extension the principal maker as a consideration for said extension agrees to keep the money secured by the note said time of six months and pay interest at the rate specified in the note to the payee, and that such agreement was made without the knowledge or consent of the surety, it being known to the payee at the time of making the original loan that Reynolds was only a surety, then such an agreement for an extension was such an agreement as would in law release the surety."

The evidence tended strongly to support the hypothesis of fact in these propositions and if they contained correct rules of law as applicable to the supposed facts then they should have been held as the law. We think both of these propositions announce a correct rule of law and if the facts relied on

Reynolds v. Barnard.

were found to exist by the court, from the evidence, then the surety would be discharged. If the facts relied on were shown by the proof, then they establish a valid and binding mutual contract for an extension of time for six months for the payment of the note by the principal upon a sufficient and valuable consideration, and without the knowledge or consent of the surety.

It was a valuable privilege to the creditor to loan his money for six months longer than the note specified at the rate of interest therein named, and it was a valuable privilege secured by the debtor to retain the money six months longer than his note provided before he could be compelled to pay it. These two propositions of law based upon the supposed facts, fall directly within the rule announced in Crossman v. Wohleben, 90 Ill. 537, and McComb v. Kitteridge, 14 Ohio, 351, and constitute, if proven. a complete defense to the surety. The court erred in refusing to hold both these propositions as law under the proof in the case.

If we understand the sixth proposition held for the plaintiff below, it holds to a rule directly the reverse of what it stated in the propositions 1 and 2 above discussed, and should have been refused.

Under our statute it is not necessary to the existence of a valid contract to extend the time of payment of a promissory note that such extension should be in writing. The extension of time does not abrogate the written obligation so as to make an entire new contract resting in parol, but has only the effect of extending the time of payment fixed in the note to a day certain in the future for its enforcement. Or, in other words, the new agreement is one not to abrogate and destroy the note, but to postpone its enforcement according to its terms for a definite time for a valuable consideration.

For the errors above indicated the judgment is reversed and remanded.

*Reversed and remanded.*