## R. P. OFFICER ET AL. v. H. L. MARSHALL ET AL.

### No. 1129.

1. **Extension of Time Obtained by Fraud.**—After maturity, the principal in a promissory note presented to the payee another note for same amount, signed by same makers, extending the time of payment, also paying in advance on interest $8. The names of the sureties were forged to the second note. After the discovery of the forgery the payee sued upon the first note, alleging the fraud of the principal. The sureties pleaded the extension of time without their consent. *Held*, that the payment of interest in advance on a forged renewal of the note, whereby the time of payment was extended, was not a valid consideration for such extension, and that the sureties were not released by the extension so obtained.

2. **Notice to Surety of Nonpayment.**—Sureties claimed that they were released by the negligence of the payee in not giving notice of the nonpayment. They did not show that the principal had property from which the sureties could have made themselves safe. *Held*, not error to refuse to submit the alleged defense to the jury; besides, it does not appear that the payee was under any legal obligation to give such notice.

APPEAL from County Court of Coleman County. Tried below before Hon. T. J. WHITE, Special Judge.

*Randolph & Webb*, for appellants.—1. Paying interest in advance on a forged renewal is not such a valid consideration as would make a binding contract of extension of debt, whereby a surety would be released. Bank v. Field, 22 Atl. Rep. 829; Bank v. Miller, 19 Atl. Rep., 109; Kincaid v. Yates, 63 Mo., 45; Ritter v. Lingmaster, 73 Pa. St., 400; Allen v. Sharp, 37 Ind., 67; Irwin v. Freeman, 13 Grant Ch., 465.

2. A charge submitting an issue not authorized by the facts should not be given; and the charge was not authorized by the facts. Austin v. Talk, 20 Texas, 166; Andrews v. Smithwick, 20 Texas, 111; Tel. Co. v. Housewright, 23 S. W. Rep., 824; Railway v. Gilmore, 62 Texas, 391; Hamilton v. Dean, 4 Texas, 459; Lee v. Hamilton, 12 Texas, 414; Earle v. Thomas, 14 Texas, 592; Dodd & Co. v. Arnold, 28 Texas, 98.

3. The payment of interest in advance is not necessarily a valid consideration for a contract for the extension of time on a note for a definite period of time. Interest on a forged note in advance is not a valid consideration, and the parties accepting it could repudiate it at any time when they became aware of the forgery. The court unqualifiedly charging that interest in advance is a valid consideration, under the facts of this case, was fatal error. Kincaid v. Yates, 63 Mo., 45.

*Sims & Snodgrass*, for appellees.—The actual extension of time of payment of a note after its maturity to a definite time in the future, by the payee, for a valuable consideration paid by the principal, operates to release the sureties upon the note, and the payment of interest in advance is a good consideration for such extension. Brandt on Surety. and Guar., sec. 305, and authorities cited; Brown v. Fountaine, 22 S. W. Rep., 130; Mann v. Brown, 9 S. W. Rep., 111.

That suretyship can be proved by parol: Brandt on Surety. and Guar., secs. 17, 18; Burk v. Cruger, 8 Texas, 67.

Where a promissory note was held by payee, and the note did not show the fact of suretyship, but it was proved that one of the makers was only a surety, the court held, that it would be presumed that that creditor knew of the suretyship. Ward v. Stout, 32 Ill., 399; Cummins v. Little, 45 Mo., 183.

KEY, ASSOCIATE JUSTICE.—Appellants brought this suit against appellees upon a note alleged to have been executed by them and one H. L. Marshall, who was also made a party defendant, but as to whom the plaintiffs subsequently dismissed, he being notoriously insolvent. The plaintiffs alleged, that the note sued on was not in their possession, and that they were unable to produce the same, because, after the maturity thereof, said H. L. Marshall, acting for himself and purporting to act for the other defendants, offered to plaintiffs in payment of the said note another note for a like amount, purporting to be made by himself and the other defendants, and the plaintiffs, believing said note to be genuine, accepted said last mentioned note in payment of the note sued on, and delivered it—the note sued on—to said H. L. Marshall; that plaintiffs afterward discovered that the note so received in payment of the note sued on, as to all the makers thereof except said Marshall, was a forgery, and that the appellees were not bound thereby. The defendants pleaded non est factum; and they also averred, that they were sureties on the note sued on for H. L. Marshall, and that the plaintiffs after the execution of said note, entered into an agreement with Marshall extending the time of payment, by reason of which the defendants were discharged and released from their obligation to pay the note. They also averred, that the plaintiffs were guilty of negligence in not notifying them of the nonpayment of the note at maturity, and in accepting a forged note in payment therefor, etc.

There was a jury trial, and verdict and judgment were rendered in favor of the defendants.

The testimony shows, that the plaintiffs were in possession of and owned a note such as is described in their petition, signed by H. L. Marshall, and purporting to be signed by the other defendants; that Marshall presented to plaintiffs another note, executed by himself and purporting to be executed by the defendants, the signatures being quite similar to those on the other note, which latter note extended the time of the payment of the debt; that plaintiffs accepted said latter note and the payment of $8, which was interest in advance thereon, in satisfaction of the former note, and surrendered said former note to Marshall. There was testimony tending to show that the defendants received no part of the consideration for either note, and that if they signed either, it was upon an understanding that they were only sureties for Marshall.

From the manner in which the case was submitted to the jury and the verdict returned by them, it is manifest that the jury found that there was a valid agreement between the plaintiffs and Marshall to extend the time of payment.

By exceptions to the defendants' answer and by assignment of error complaining of the court's charge and of its refusal to give charges requested by them, appellants present and urge the proposition, that the payment of interest in advance on a forged renewal of a note, whereby the time of payment is extended, is not a valid consideration for such extension, is not binding as between the holder of the original note and the principal who presents the forged renewal and pays the interest in advance, and therefore, that neither the principal nor the sureties are released from liability on the original note.

This contention must be sustained. A contract extending the time of payment, in order to release sureties, must be binding between the payee and the principal; otherwise the payee can proceed at any time after maturity of the original obligation against the principal, and therefore the reason upon which sureties are held to be released would not exist. When one is induced to enter into a contract by fraud practiced by the other party thereto, the contract is not binding upon the person defrauded, although the latter may have received a consideration. It follows, therefore, that if appellants accepted another note in payment of the one sued on, with appellees' names forged thereto, and they believed appellees' signature to be genuine, the conduct of Marshall in presenting the forged note, and thereby procuring the note sued on and an extension of time on the debt, was a fraud upon appellants, and although he may have paid interest in advance, or some other valuable consideration, the agreement to extend the time was not binding upon appellants. Kincaid v. Yates, 63 Mo., 45.

In view of the ruling above made, we think the case is narrowed down to whether or not the defendants executed the note sued on; and therefore it is unnecessary to decide all of the questions presented in appellants' brief.

Appellees complain because the court, after admitting the testimony, did not submit to the jury the question of appellants' negligence in not notifying appellees that the original note was not paid at maturity, and in accepting the forged note. We do not think the court erred in this respect. Appellees failed to show that Marshall, the alleged principal, had property subject to execution out of which they could have protected themselves. All the property shown to belong to him appears to have been incumbered, so as not to have been available to appellees. It is true that appellee H. J. Green testified, that if he had been notified within a reasonable time that Marshall had failed to pay the note he could have protected himself. He also stated that he did not know what property Marshall owned, but that he had seen certain designated property in his possession in the summer of 1890. On cross-examination he used this language: "I could have saved myself

if I had known of my note not having been paid in a reasonable time after it was due. I don't know how I could have saved myself, but I could have saved myself, I know. I don't know of my own knowledge exactly how much property Marshall had then, nor do I know how much mortgages and other liens he had on it, but I could have saved myself all the same." In rebuttal, appellants introduced in evidence mortgages executed by Marshall in force at the time spoken of by appellee Green, apparently covering all the property designated by Green as belonging to Marshall, and more besides. The burden was upon appellees to show that Marshall owned property out of which they could have protected themselves, and having failed. to do so, for this reason, if for no other, there was no error in not submitting that phase of the case to the jury. We are not to be understood, however, as holding that appellants were under any legal obligation to notify appellees that the note was not paid at maturity.

For the error above indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 30, 1895.