## FISHER v. STEVENS, *Appellant*.

### Division Two, March 1, 1898.

| 143 | 181 |
| 143 | 392 |
| 143 | 181 |
| 92a | 629 |

1. **Pleading:** EJECTMENT: INCONSISTENT DEFENSES.  A general denial to the usual petition in ejectment, and a further plea that plaintiff obtained the land in suit by purchase at a void trustee's sale, are not inconsistent defenses.

2. **Promissory Note:** EXTENSION OF TIME OF PAYMENT. An agreement, made after a note becomes due, to extend the time of its payment to a day certain, if supported by a valuable consideration and is otherwise valid, though verbal, may be interposed as a bar to an action on the note or mortgage given to secure its payment, when brought within the extended time.

3. ————: SUBJECT TO INDEPENDENT CONTRACT. A promissory note, like other chattels, may by subsequent parol agreement be the subject-matter of a contract, but any contract in respect thereto in order to be binding, must be supported by an independent consideration.

4. ————: EXTENSION: TRUSTEE'S SALE: DEFENSE. Plaintiff sued in ejectment. Defendant set up as a defense that in consideration of a second deed of trust for $756.21, the mortgagee, by parol, agreed to extend the time of the payment of a note for $5,800 secured by a first deed of trust for five years, and that he performed his part of the agreement; that the mortgagee, soon after he got the second deed of trust, proceeded to have the trustee sell the land, and that the plaintiff had complete knowledge of the agreement at the time of the sale. *Held*, that this defense was wrongfully stricken from the answer. *Held*, that if the facts were as alleged in the answer, the suit was prematurely brought, and it would be unjust to permit plaintiff to prosecute it.

*Appeal from the Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*A. Finley* and *R. B. T. Oliver* for appellant.

(1) The court erred in sustaining respondent's motion to strike out part of appellant's amended answer. Appellant's defense was both legal and equitable, and he was entitled to both or either. *Ledbetter v. Ledbetter*, 88 Mo. 60; *Justice v. Town of Lancaster*, 20 Mo. App. 559; *Wendover v. Baker*, 121 Mo. 290. (2) In so striking out appellant's amended answer, he was deprived of his answer to respondent's temporary injunction. *Brownlee v. Fenwick*, 103 Mo. 431. (3) The court erred in excluding competent and relevant evidence offered by appellant to prove his defense under his general denial. *Schuster v. Schuster*, 93 Mo. 438; *Ledbetter v. Ledbetter*, 88 Mo. 60; *Macey v. Stark*, 116 Mo. 481. (4) The court erred in assessing damages for respondent. While it is true appellant was in possession of the lands, with a large amount of other lands, he was not using or cultivating the same for the reason that he had been restrained by order of the court. Respondent was only entitled to nominal damages, if any. (5) A sale by a trustee, under a deed of trust, before the debt was due, or any conditions broken, is absolutely void and passes no title to the purchaser. *Long v. Long*, 79 Mo. 644; *Eitelgeorge v. Bldg. Ass'n*, 69 Mo. 52; *Macey v. Stark*, 116 Mo. 481.

*David H. Harris* for respondent.

(1) The trial court did not commit error in sustaining the motion to strike out part of appellant's

amended answer. Said answer contained, *first*, a general denial, and *second*, a plea in the nature of a confession and avoidance. It is a well settled rule of pleading in this State that a defendant can not deny and at the same time confess and avoid. *Darrett v. Donnelly*, 38 Mo. 492; *Adams v. Trigg*, 37 Mo. 141; *Coble v. McDaniel*, 33 Mo. 363; *Atterberry v. Powell*, 29 Mo. 429. (2) An agreement to extend the time of payment of a debt for a limited period of time, even if founded upon a sufficient consideration, is, in substance, an agreement not to sue within that time, and can not be pleaded in bar of an action brought within the time. The only remedy for the violation of such an agreement is an action for damages. *Ayers v. Hamilton*, 30 N. E. Rep. 895; *Vogel v. Harris*, 112 Ind. 494; *Williams v. Scott*, 83 Ind. 405; *Mills v. Todd*, 83 Ind. 25; Jones on Mort. [5 Ed.], sec. 1189. (3) The so-called equitable defense disclosed by defendant's answer shows upon its face that it is a subsequent agreement which does not form any part of the original contract, is not supported by the original consideration thereof, nor by any new consideration and is a mere *nudum pactum*, and the trial court did not, therefore, commit error in striking it out. *Macfarland v. Heim*, 127 Mo. 333; *Williams v. Williams*, 67 Mo. 662; *McMahan v. Geiger*, 73 Mo. 145; *Montgomery Co. v. Auchley*, 92 Mo. 126. (4) This pretended equitable defense sets up in effect a contract which limits the time in which suit may be brought upon the Rickenbaugh note, and is, in consequence, null and void and of no binding force. R. S. 1889, sec. 2394; *Ayres v. Hamilton*, 30 N. E. Rep. 895. (5) Again, this so-called equitable defense set up in defendant's amended answer, purports to be a contract concerning lands that was not to be performed within one year and which was not in writing and is therefore barred by

the statute of frauds. R. S. 1889, sec. 5186. (6) This court will not undertake to review the finding of the trial court based on facts, where no declarations of law are asked, and none given, and where it is impossible to know upon what theory the trial court acted in coming to its conclusions. In the trial court no instructions were either asked or given. *Parkinson v. Caplinger*, 65 Mo. 290; *Methudy v. Ross*, 81 Mo. 481.

BURGESS, J.—This is ejectment for the recovery of the possession of two hundred and nineteen and fourteen-hundredths of an acre of land in Callaway county, Missouri. The petition was in the usual form. The ouster was laid February 22, 1895.

On April 20, 1895, plaintiff filed petition for injunction upon which a temporary restraining order was duly issued by the circuit court of said county on the twenty-seventh day of May, 1895, enjoining and restraining defendant and his servants from entering upon and ploughing or cultivating in any manner whatsoever any of the grass, meadow or pasture lands on the premises in question.

On May 24, 1895, defendant filed an amended answer in which he denied all allegations in plaintiff's petition. The answer then proceeds as follows:

"Defendant admits that he was at the time of the filing of this suit in the possession of and is now occupying the lands and premises described in plaintiff's petition.

"Defendant for another and further answer to plaintiff's petition states that on the 20th day of October, 1881, he was the owner in fee and in possession of the following described lands lying and being in the county of Callaway and State of Missouri, to wit: W. 1-2 of lot 1 & 2 of the northwest quarter of sec. 4, also the northeast quarter and the north

half of the southeast quarter and the southeast quarter of the northeast quarter and the north half of the southeast quarter of the southeast quarter of the northwest quarter of sec. 5, all in township 49 and range 8.     That on the last named date defendant made, executed and delivered his certain negotiable promissory note for $3,500, payable to the order of James Rickenbaugh, due and payable one year after date and bearing interest from date at the rate of 8 per cent compound; that to secure the payment of said promissory note, defendant and his wife, Harriet Stevens, executed and delivered their certain deed of trust of even date with said note, upon all the real estate above described to R. A. Crews, as trustee, to secure said note.     Defendant further states that payments were made on said promissory note by him and said note was kept alive and continued a subsisting obligation, and on the 24th day of September, 1894, there was due on said note, including principal and interest, about the sum of $5,800; that on the last named date defendant was insolvent and was indebted to John Swon, as security on a certain note held by said Swon and payable to his order, for the sum of $346.66, and that on the ——— day of August, 1894, one James Dillard obtained a judgment against this defendant in the circuit court of this (Callaway) county for the sum of $398.10, and that said judgment was unpaid on said date.     Defendant avers that said Swon came to him and represented to and told this defendant that he (Swon) would take up the Rickenbaugh note and deed of trust securing same, and pay off the Dillard judgment named above, if the defendant would execute and deliver to said Swon his promissory note for $756.21 (being the amount of the Dillard judgment and costs, and the sum of defendant's indebtedness to said Swon as mentioned above) and secure the

payment of said note for $756.21 by a second deed of trust from defendant and his wife Harriet Stevens upon all the lands and real estate heretofore mentioned, that he (John Swon) would extend the time for the payment of the note for $756.21 and the deed of trust to secure the same for a period of five years from the 24th day of September, 1894. Defendant states that believing and relying on the statements and representations of the said John Swon and having perfect faith and confidence in the honor, honesty and integrity of said Swon, and believing that if said Swon bought said promissory note from said Rickenbaugh and the Dillard judgment and if the indebtedness from defendant to the said Swon was secured by a second deed of trust from defendant and his wife upon all the above described lands the time for paying off said Rickenbaugh promissory note and the note for $756.21, so given, would be extended for a period of five years from the said 24th day of September, 1894, and that said lands would not be sold under said deeds of trust or either of them for a period of five years from the 24th day of September, 1894; that defendant relying on said statements and promises made by the said Swon and the fact that said Swon did take up the Rickenbaugh note and did pay off the Dillard judgment, was induced by said statements, acts and representations of said John Swon to execute and deliver his promissory note for $756.21 on the 24th day of September, 1894, due five years after date and payable to the said John Swon or his order and did on the same day secure said note by executing and delivering a second deed of trust from defendant and his wife, Harriet Stevens, upon all the lands as described as aforesaid. Defendant further avers that said John Swon after having the indebtedness from defendant to himself well secured as aforesaid, in utter disregard of

his promises and representations to defendant, and in fraud of defendant's rights, did cause said lands of defendant to be advertised and sold on the 20th day of February, 1895, under the deed of trust made to secure the said Rickenbaugh note. That at said sale plaintiff bought the lands described in his petition and received the trustee's deed for the same. Defendant further states that just prior to the sale and while said lands were advertised by the trustee, he informed this plaintiff of the contract and agreement aforesaid made by and between himself and the said John Swon as set out above; that he further informed said plaintiff that he did and would object to the sale of said lands for the reason that such sale would be a violation of the contract and agreement with himself and the said John Swon. Defendant avers that said sale was and is void; that at the time of the sale of said lands by the trustee aforesaid, no part of the said Rickenbaugh note, or the interest thereon, was due and unpaid; that the defendant stated publicly and in the presence of plaintiff, at the time and place of the sale of the lands, that no part of the note or the interest thereon was due and unpaid for which said lands were about to be sold and that any party buying said lands would buy the same subject to defendant's rights.

"3. Defendant avers that by reason of the temporary injunction heretofore granted by this court in this cause on the application of plaintiff whereby this defendant has been and is restrained and prevented from cultivating a large part of his said lands, which lands he would have cultivated this season had he not been restrained and prevented as aforesaid, he is damaged in the sum of $500.

"Wherefore defendant asks that the sale of the lands aforesaid to the plaintiff be set aside and the deed executed as aforesaid by the said R. A. Crews, as trus-

tee, to plaintiff, be canceled and for naught held, and that the temporary injunction heretofore granted by this court in this cause be dissolved, and that the defendant recover of plaintiff the sum of $500 for his damages and that the defendant be allowed a reasonable attorney's fee, and for all such and further orders as to the court may seem proper in the premises, and for his costs.''

On motion of plaintiff all of that part of defendant's answer copied herein was stricken out and defendant saved his exceptions. The case was tried by the court without the aid of a jury. No declarations of law were asked or given. There was judgment for plaintiff for possession of the land, and $120 damages. The monthly value of the premises was fixed at $40 per month. Defendant appealed.

It appears that in 1881, defendant A. S. Stevens borrowed from one James Rickenbaugh $3,500 for which he executed to Rickenbaugh his promissory note payable one year after its date, and to secure its payment he gave a deed of trust to one R. A. Crews, trustee for Rickenbaugh, on about four hundred acres of land, including that which is involved in this litigation. On the twenty-fourth day of September 1894, the note and deed of trust were assigned by Rickenbaugh to one John Swon at whose request all of the land was sold by the trustee named in said deed, viz., R. E. Crews, on the twentieth day of February, 1895, after being duly advertised by him, and at said sale plaintiff became the purchaser of the land involved in this suit, and on the twenty-third day of February, 1895, said trustee executed and delivered to him a deed therefor, conveying all the title of said defendant Stevens therein to him. At the time of plaintiff's purchase of the land in question at the trustee's sale he had notice of the alleged agreement between Swon and defendant by which

Swon agreed to take up the Rickenbaugh note, and deed of trust on the land, and extend the time of the payment of the note and deed of trust for five years from the twenty-fourth day of September, 1894, and pay off the judgment in favor of Dillard against defendant, if defendant would execute to him a second deed of trust on the land to secure the amount of the Dillard judgment, and what defendant owed him besides, the second deed of trust to also run for five years from September 24, 1894. The answer alleged that Stevens complied with the terms of the contract on his part, but that Swon disregarded it, and had the land sold under the deed of trust by the trustee therein named at which sale plaintiff became the purchaser. So that if the contract was binding as between the parties thereto, and would have been available as a defense to the note in a suit upon it by Swon, the same defense could be successfully interposed as a defense to this suit.

Whether or not such an agreement can be interposed as a defense in a suit upon a note brought before the expiration of the time agreed upon for the extension, or the remedy of the payor for the violation of such an agreement is an action for damages, the authorities are in great conflict.

The question of paramount importance involved in this case is with respect to the action of the trial court in striking out upon motion of plaintiff that part of defendant's answer which interposed an equitable defense to plaintiff's cause of action. The equitable defense was not inconsistent with the general denial contained in the first paragraph of the answer, and the action of the court in striking it out can not be justified upon that ground. *Ledbetter v. Ledbetter*, 88 Mo. 60; *Crowder v. Searcy*, 103 Mo. 97.

It is held in some of the States that an agreement to extend the time of the payment of a debt for a limited time though founded upon a valuable consideration, is, in effect, an agreement not to sue within that time, and can not be pleaded in bar of an action brought within the time; that the only remedy in such circumstances is an action for damages for breach of the contract. *Vogel v. Harris*, 112 Ind. 494; *Williams v. Scott*, 83 Ind. 405; *Mills v. Todd*, 83 Ind. 25. But the rule in this State and the decided weight of authority seems to be that an agreement made after the note becomes due for its extension to a definite time, when supported by a valuable consideration, as in this case, and is otherwise valid, though verbal, may be interposed as a bar to an action on the note or mortgage brought within that time. In order to discharge a surety upon a note upon the ground of an agreement for the extension of time for its payment by the holder without the surety's consent, the agreement must be a valid one, for a definite time, supported by a valuable consideration, such an agreement as would be a bar to an action on the note brought before the expiration of the time agreed upon. Thus it is said in *Kincaid v. Yates*, 63 Mo. 47: "If the creditor enters into any binding contract, the effect of which will be to give further time to the principal debtor without the consent of the surety, the surety will be discharged." *Stillwell v. Aaron*, 69 Mo. 539; *St. Joseph Fire & Marine Insurance Co. v. Hauck*, 71 Mo. 465; *Nelson v. Brown et al.*, 140 Mo. 580. It logically follows from these observations that a valid contract for the extension of the time for the payment of a note beyond the time specified by it for its payment, may be pleaded in bar to an action upon the note brought within that time; otherwise such an extension would not release the surety.

A promissory note like other chattels, may, by subsequent agreement by parol, be the subject-matter of contract, but any and all contracts with respect thereto in order to be binding must be supported by an independent consideration.  1 Daniel on Neg. Inst., sec. 157; *Brown v. Bowen*, 90 Mo. 184; *Heaton v. Myers*, 4 Col. 59; *Tompkins v. Tompkins*, 21 N. J. Eq. 338; *In re Betts*, 4 Dill. 93; 4 Am. and Eng. Ency. of Law [2 Ed.], 154; *Solomons v. Jones*, 3 Brev. (S. C.) 54; *Reynolds v. Barnard*, 36 Ill. App. 218; *Grace v. Lynch*, 80 Wis. 166; *Bailey v. Adams*, 10 N. H. 162; *Fowler v. Brooks*, 13 N. H. 240; *McComb v. Kittridge*, 14 Ohio, 348. In *Goodall v. Boardman*, 53 Vt. 92, the mortgagee agreed in writing that the mortgagor could have until a certain time to pay the mortgage debt, on conditions if he failed to pay at the time agreed upon that he would deed the land covered by the mortgage to the mortgagee.  This agreement was extended by parol, and suit was brought to foreclose the mortgage before the expiration of the extended time, and it was held that the suit was prematurely brought and should be dismissed.  See, also, 2 Jones on Mort. [4 Ed.], secs. 1190, 1191.

The facts stated in the answer showed that there was a valid agreement between defendant and Swon by which Swon was to take up the Rickenbaugh note and deed of trust, and to extend the payment thereof for five years from the twenty-fourth day of September, 1894, which was executed by defendant on his part, and that plaintiff knew of the existence of that contract at the time he purchased the land at the trustee's sale under the deed of trust.  To permit plaintiff to prosecute this suit under the circumstances would be inequitable, unjust and against conscience and good faith.  If the facts were as alleged in the answer this suit was prematurely brought.

It follows that error was not only committed in sustaining the motion to strike out the answer, but also in the rejection of evidence offered by defendant to sustain that theory of the case.

We therefore reverse the judgment and remand the cause. GANTT, P. J., and SHERWOOD, J., concur.