Argued October 30, decided November 14, 1911.

## CONDON NAT. BANK *v.* ROGERS.

[118 Pac. 846.]

PLEADING—DEMURRER—MATTERS CONSIDERED ON DEMURRER TO AMENDED ANSWER.

1. Where a demurrer to an answer is sustained, and defendant files an amended answer and plea, to which a demurrer on the ground that it does not state facts sufficient to constitute a defense is sustained, the original answer and the demurrer thereto are withdrawn; and in considering the demurrer the court can look only to the facts alleged in the amended answer.

EVIDENCE—PAROL EVIDENCE—EXTENSION OF TIME FOR PAYMENT OF NOTE.

2. An agreement for extension of time for the payment of a note, made on the execution of a mortgage to the holder, may be made verbally, independent of the mortgage, and not contained therein.

PLEADING—INSTRUCTION—PLEA IN ABATEMENT.

3. Great strictness is to be implied in construing a plea in abatement.

BILLS AND NOTES—ACTION—ANSWER—EXTENSION OF TIME.

4. Where the parties to a note after its execution and delivery make a contract, based upon an independent consideration, extending the time for the payment of the note, no recovery thereon can be had before the expiration of such extended time.

From Gilliam: DAVID R. PARKER, Judge.

This is an action by the Condon National Bank against E. C. Rogers and K. S. Rogers, his wife. From a judgment in favor of plaintiff, defendants appeal.

REVERSED.

For appellants there was a brief over the names of *Mr. Jay Bowerman* and *Mr. Murray D. Shanks*, with an oral argument by *Mr. Bowerman*.

For respondent there was a brief over the names of *Mr. William H. Wilson* and *Mr. G. W. Parman,* with an oral argument by *Mr. Wilson.*

Mr. Justice Bean delivered the opinion of the court.

This is an action on a promissory note. From a judgment in favor of plaintiff,. defendants appeal. The complaint was filed May 15, 1911, and alleges the execution of a promissory note by defendants in favor of plaintiff, on the 15th day of October, 1910, payable on demand, for the sum of $2,000, with interest and reasonable attorney's fees in case of suit or action thereon.

The defendants filed an answer to the complaint, to which the plaintiff interposed a demurrer, which was sustained by the court. Whereupon, by leave of court, the defendants filed an amended answer and plea, alleging in substance as follows: That, on or about the 16th day of November, 1910, the plaintiff, in consideration of the defendants securing the note mentioned in the complaint, and other indebtedness due from defendant E. C. Rogers to plaintiff, by a mortgage executed by defendants to plaintiff upon certain real estate, promised and agreed to and did extend the time for payment of the note mentioned in the complaint until October 19, 1911; that defendants executed the mortgage as desired by plaintiff on or about November 16, 1910, and delivered the same to plaintiff, which was by it accepted, and thereafter recorded in the mortgage records of Gilliam County, Oregon, and is still in force and effect; that the note and the indebtedness evidenced thereby was not due at the time of the commencement of this action, nor until October 19,. 1911.

The plaintiff demurred to the amended, further, and separate answer in abatement of defendants, for the reason that the same did not state facts sufficient to constitute a defense. The circuit court sustained the demur-

rer to the amended answer, and the counsel for defendants not desiring to plead further, entered a judgment in favor of plaintiff. The only question for the determination of this court is in regard to the sufficiency of the amended answer.

1. The plaintiff in an additional abstract sets out the original answer in the case, and contends that on account of matters set forth therein the ruling of the trial court upon the demurrer was correct. The defendants move the court to strike out the additional abstract as not a proper part of the record. It is also contended on the part of plaintiff that the agreement set forth in the amended answer was made contemporaneously with the mortgage, and counsel assert that "the principal and ultimate question in the case is whether the defendant can prove such contemporaneous agreement to vary or contradict the terms of the mortgage." In our opinion, this question of variance is not before this court, and can arise only after issues are joined, in the submission of proof.

It was held in *Wells* v. *Applegate,* 12 Or. 208 (6 Pac. 770), that "by filing the new answer the former answer was in effect withdrawn, and all motions and demurrers relating to it accompanied it." In *Slemmons* v. *Thompson,* 23 Or. 215, at page 219 (31 Pac. 514, at page 515), Mr. Chief Justice LORD, in a concise discussion of this question used the following language: Ordinarily, when a pleading is amended, the original pleading ceases to be a part of the record, because the party pleading, having the power, has elected to make the change," and, after mentioning that if the facts set up as a defense in the return to the first alternative writ were considered the result would be different, said, "we must look, therefore, to the facts alleged in the amended writ, which by the demurrer stand admitted, to determine whether the plain-

tiff shows himself entitled to relief by mandamus." And in *Hume* v. *Woodruff*, 26 Or. 373 (38 Pac. 191), this court held that, if the plaintiff is allowed to amend, and does so, the demurrer thereto ceases to be a part of the record for the purposes of the trial, and the cause stands for hearing or trial on the amended complaint, the same as if no other had been filed. Also in *Ferguson* v. *Ingle*, 38 Or. 43 (62 Pac. 760), it was considered that, by filing an amended pleading by leave of court, the plaintiffs eliminated from the record the original complaint.

It is therefore clear that, in the consideration of the demurrer of plaintiff to the new matter in the amended answer in this case, we can look only to the facts alleged in such amended answer. Many authorities are cited, and many questions discussed by the learned counsel in their briefs, which might possibly arise upon the trial, if issues were joined by a reply to the amended answer; but until such issues arise it is unnecessary for the court to consider matters relating to the proof of the facts alleged in the answer which upon the demurrer must be deemed true. As to all such questions, to apply an old saying, it is better to cross the stream when it is reached.

The plaintiff cites the cases of *Edgar* v. *Golden*, 36 Or. 448 (48 Pac. 1118: 60 Pac. 2), and *Ruckman* v. *Imbler Lumber Co.*, 42 Or. 231, 238 (70 Pac. 811). Both of these cases relate to matters of proof upon a trial on the merits, and do not apply to the case at hand.

2. Counsel for plaintiff urge that it was necessary for the defendants to expressly show by the answer that the extension of time for payment of the note was not oral, and that the agreement to extend was not contemporaneous with the making of the mortgage; they cite *Sutehrlin* v. *Bloomer*, 50 Or. 408 (93 Pac. 135), in which case a written agreement which was contained in the record was construed by the court; while in the case at bar the mort-

gage in question is not before us, and we cannot consider the same.

In the case of *Kane* v. *Cortesy,* 100 N. Y. 132 (2 N. E. 874), a chattel mortgage was given as security, in addition to a real estate mortgage, in consideration of an extension of time for payment. In the opinion we find this language:

"The parol evidence as to the agreement for the extension of time does not come under the ban of the rule which prohibits parol evidence to explain, vary, or contradict written instruments. It does not contradict or vary the real estate mortgage. That was past due, and the time for its payment could be extended by any valid agreement. It does not contradict the chattel mortgage. That is complete in itself, and was not intended to embody the agreement. Its sole purpose was to give the additional security. This was an independent agreement existing outside of the two mortgages. It was the occasion or condition inducing the giving of the chattel mortgage, and no rule of evidence was violated in allowing it to be proved by parol."

This indicates that the agreement for the extension of time may be made verbally, independent of the mortgage, and not contained therein. After a bill or note has been executed and delivered, it is a subject of contract like any other property or chose in action, and the time for payment may, by an oral agreement, for a valuable consideration, be extended to a definite date. 1 Daniel, Neg. Inst. (4 ed.) § 157; 1 Greenleaf, Ev. § 304; 4 Am. & Eng. Enc. Law (2 ed.) 154; *Lazelle* v. *Miller,* 40 Or. 549 (67 Pac. 307) ; *Reynolds* v. *Barnard,* 36 Ill. App. 218; *Grace* v. *Lynch,* 80 Wis. 166 (49 N. W. 751) ; *Myers* v. *Bank of Fairbury,* 78 Ill. 257.

3, 4. Great strictness is applied in construing a plea in abatement. An answer which alleges the making of a subsequent agreement, based upon a sufficient consideration extending the time for payment of a note, and also

Sig. 7

that such extended time for payment has not yet expired, is sufficient and not demurrable, unless it appear from the answer that a default has been made subsequent to the making of the agreement. 1 Enc. Pl. & Pr. 23, note 2, citing *Eby* v. *Ryan,* 22 Neb. 470 (35 N. W. 225). See, also, *Commercial Bank of Tacoma* v. *Hart,* 10 Wash. 303 (38 Pac. 1116) ; Jones, Mortgages (4 ed.) §§ 1190, 1191.

In the case at bar, the answer alleges that after the execution of the note sued on a contract was made by the parties, based upon an independent consideration, extending the time for payment of the note until October 19, 1911, which, if true, would constitute a defense to plaintiff's complaint until that time. *Fisher* v. *Stevens,* 143 Mo. 181 (44 S. W. 769). It follows that the matter of diminution of the record is immaterial.

The judgment of the lower court is therefore reversed, and the cause will be remanded with instructions to over-rule the demurrer to the amended answer, and for such further proceedings as may be proper, not inconsistent herewith.                              REVERSED.