## MARINE BANK & TRUST CO. v. HOUSE.
### (No. 3454.)

Court of Civil Appeals of Texas. Texarkana. Oct. 20, 1927.

1. Principal and surety ⬤➡105(1), 108(1)—To release surety by accepting renewal, extension contract must be binding and have valid consideration.

To release surety by extending time for payment of note without surety's consent and accepting renewal note, the contract of extension must be binding and based on valid consideration.

2. Bills and notes ⬤➡138—Principal and surety ⬤➡105(1)—Where note renewal was secured by forging surety's signature, renewal contract was unenforceable and surety was not released.

Where renewal of note without surety's knowledge or consent was secured by principal's fraud in forging surety's signature, contract of extension was unenforceable against bank and the surety was not released from his liability on the original note.

3. Bills and notes ⬤➡138—On discovering that surety's signature on renewal note was forged, bank held to have right to repudiate renewal agreement and demand immediate payment, whether or not agreement provided for interest payment in advance.

Where principal forged surety's name to renewal note to bank, on discovering the forgery, bank *held* to have right to repudiate the renewal agreement and to demand immediate payment of the debt, whether or not the renewal agreement had been made in consideration of the payment of interest in advance.

Error from Harris County Court; Ben F. Wilson, Judge.

Suit by Marine Bank & Trust Company against J. T. House. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

King & Wood and H. G. Butts, all of Houston, for plaintiff in error.

George H. Cavanaugh, of Houston, for defendant in error.

HODGES, J. On May 18, 1925, K. C. Stone executed a note for the sum of $375, due 90 days after date, and payable to the Marine Bank & Trust Company of Houston. The note was signed by J. T. House, who was shown to be a surety. When this note matured a renewal note was executed by Stone,

which also bore the signature of House. The latter note matured November 14, 1925. This suit was filed by the plaintiff in error upon a failure to pay a balance due upon the renewal note. House answered, denying the execution of the note sued on, alleging that if his name was signed to it the signature was a forgery. Plaintiff in error replied in a supplemental petition denying generally the averments of forgery by House, pleaded the facts and circumstances under which the renewal note was executed, and asked for a judgment against House on the original note if his signature to the note sued on was forged. Only two witnesses testified upon the trial, the assistant cashier of the bank and House. The latter admitted that he had signed the first note, but denied signing the second. His testimony was undisputed, and in this appeal it is conceded that his testimony is true. The assistant cashier of the bank testified to the execution of the original note, the time of its maturity, and its nonpayment. He further stated that on the 21st of August Stone came to the bank to arrange for an extension of that note. Stone requested and was granted a renewal, and was given a note to be signed. Later Stone returned with the new note bearing his own and what purported to be the signature of House. This note was dated August 21, 1925, but was actually delivered to the bank on August 24. On cross-examination the witness testified that he did not know Mr. House, and, so far as he knew, House had never been in the bank; he did not make the original loan, and did not see Mr. House come into the bank and sign any of the notes. The second note did not pay the first note; it was just an extension of the agreement; the bank considered that this note was extended for a period of 90 days from its maturity; he did not know that the bank ever gave Mr. House any notice that the first note was due and unpaid. Other written evidence offered showed that House was only a surety on the first note. The two notes in controversy were offered in evidence. Both were in the usual form of negotiable promissory notes. On the first was stamped or written the words, "Renewed and extended." The second note bore the following indorsements:

"Paid on the within note $100, this January 11, 1926. Past-due interest paid to January 11, 1926, $4.83. Interest paid to February 10, 1926, $2.05."

Upon that evidence the court directed the jury to return a verdict in favor of the defendant in error, House, and judgment was rendered accordingly.

[1-3] In this appeal that judgment is defended upon the ground that there was a contract between Stone and the bank extending the time of payment of the indebtedness

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

without the consent of House. As a general rule, a contract of extension without the consent of the surety releases the latter. But, in order to have that effect, the contract must be a binding one, based upon a valid consideration. If the extension agreement is procured by fraud, as in this instance, it is not binding upon the creditor and does not release the surety. According to the testimony of the cashier a fraud was perpetrated by Stone in securing the renewal of the note. The signature of House is admitted to be a forgery, and the undisputed evidence is that the bank official who conducted the transaction was imposed upon. Such a deception clearly rendered that contract of extension unenforceable against the bank. The latter upon discovery of the fraud had the right to repudiate the extension agreement and demand immediate payment of the debt. Red River Nat. Bank v. Bray, 105 Tex. 312, 148 S. W. 290; Officer v. Marshall, 9 Tex. Civ. App. 428, 29 S. W. 246. If the testimony of the bank official be true—and it is not disputed—the renewal agreement was procured by the fraud of Stone and was not binding upon the bank. It is contended, however, that the extension agreement was made in consideration of the payment of interest in advance. There is no evidence to support that statement except the credits on the second note. But even if that be true, upon a discovery of the fraud, the bank would have the right to repudiate the extension contract.

The judgment in favor of House will therefore be reversed and judgment here rendered for plaintiff in error.