## EUBANK & CO. v. S. D. LANDRAM.

SUPREME COURT, AUSTIN TERM, 1883.

*Homestead—Surviving Husband—Rights of.*—The husband is entitled to homestead exemption after the death of his wife and only child.

Landram brought this injunction suit against appellants March 12, 1879, to enjoin the sale at execution of what he claimed as his homestead, alleging in substance that he intermarried with Blanch Aycock, the 8th day of November, 1877, and afterwards purchased the land in controversy with her separate property, money that she inherited from her father's es'ate. That they moved upon, improved and occupied the land as their homestead until December 25, 1878, when his wife died, leaving appellee and an infant child, and minor brother and sister of said Blanche constituting the family. That a short time thereafter his infant child also died, and that he has continued, all the time continued and still occupies the land as his homestead, with the said minor brother and sister of his deceased wife, living with him as members of his family. That Eubanks & Co., recovered a judgment against appellants in jus ice court February 18, 1879, and that execution had issued upon that judgment and levied upon the land, and this suit was to preven; the sale, etc.

Appellants answered by general denial and specially, that the land was not the homestead of appellee, and was not protected from forced sale, etc.

The case was tried before the court, motion to dissolve the injunction was overruled, and judgment was rendered perpetuating the injunction and for costs, etc., from which this appeal was taken. The assigned errors relied on and not waived are:

1. The court erred in holding that J. D. Landram, a widower was entitled to homestead exemption after the death of his wife and only child.

2. The court erred in decreeing the property in contro-

versy the homestead of plaintiff, he having acquired title to the property after the death of his widow and child.

Opinion by Watts, J.

Neither of the propositions asserted by appellants can be maintained as sound. The constitution provides that the homestead "shall not be portioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead." In other words the constitution protects the surviving husband or wife in their right to the homestead, whether as against the heirs of the deceased or the creditors of the survivor, so long as such survivor occupies the homestead as such. And this exemption does not depend upon the title being in the survivor at the time of the death of the other marital partner. Whether the title to the property be vested in the community, or be the separate property of the deceased or the survivor, is immaterial, so long as the survivor continues to occupy the homestead as such, it is neither subject to execution, nor partition among the heirs of the deceased marital partner. In this case it is not denied but that appellee has continued to occupy the land as his homestead ever since the death of his wife. As to who lives with him upon the property as part of the family, is a matter of no consequence soever, so long as he occupies the property, whether with or without other relatives being with him, it is exempt from forced sale.

Upon the death of the wife as a matter of inheritance, a life estate to a one-third interest in the property vested in appellee, and all the remaining title vested in the infant, and upon the death of the infant the title to the entire tract was vested in appellee by inheritance. The fact that descent was in this way cast upon appellee, would not disrobe the property of its homestead character, and thereby subject it to forced sale. It can never be justly charged against the statutes of descent and distribution that their operation is to work a forfeiture of constitutional rights as against those who are intended to be benefitted by them. The authorities cited by appellant have no application to the questions involved in this case.

We conclude that the judgment ought to be affirmed.