## J. L. REED v. J. C. TALLEY ET AL.

### No. 2315.

**1. Homestead on Separate Property of Wife—Right of Surviving Husband.**

Where the homestead is on the separate property of the wife, and she dies, leaving the husband as the only constituent member of the family, her devise of the property by will does not defeat his right to use and occupy it as his homestead during life.

**2. Same—Constitution Construed.**

The provision in section 52, article 16 of the Constitution, to the effect that, upon the death of the husband or wife, the homestead shall not be partitioned among the heirs of the deceased during the lifetime of the survivor, or so long as the survivor may elect to use or occupy it as a homestead, applies to devisees as well as heirs, and

is a limitation upon the power of the wife, as well as that of the husband, to dispose of the homestead separate property absolutely by will, where the other spouse survives.

ERROR from Tarrant. Tried below before Hon. S. P. GREENE.

*M. B. Harris*, for plaintiff in error.—1. Where a homestead has been established on the separate lands of the wife by the husband and wife during the marriage relation, and the wife dies without any change having been made in the homestead, the surviving husband is entitled to a homestead estate in said property so long as he may choose to use the same as such homestead; notwithstanding said wife may have by will devised all her property to some one other than said husband—and in such case the legatee under the will takes the homestead estate charged with the homestead rights of the surviving husband. Constitution, art. 16, secs. 51, 52; Sayles' Civ. Stats., art. 2009; Osborn v. Osborn, 76 Texas, 495-6; Childers v. Henderson, 76 Texas, 667; Zapp v. Southmyer, 75 Texas, 639; Taylor v. Boulware, 17 Texas, 77; Kelser v. Drank, 52 Texas, 579; Blum v. Gaines, 57 Texas, 119; Eubank v. Landrum, 69 Texas, 248; Hudgins v. Sansom, 72 Texas, 229.

2. The fact that deceased may have by will devised the property to another does not affect the homestead right of the surviving husband. Hall v. Fields, 81 Texas, 553.

*J. F. Cooper*, for defendant in error.—1. Where a homestead has been established on the separate land of the wife by the husband and wife during the marriage, and the wife dies devising the land to her daughter and leaving no children by the husband, or any constituent of the family except the husband, the devisee under such will takes the property free from any homestead right of the husband. Rev. Stats., arts. 4857, 4858, 2006; Section 15, art. 16, Const. 1876.

HUNTER, ASSOCIATE JUSTICE.—Our Constitution provides that, "The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon." Article 16, section 51. It also provides in mandatory terms that, "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same." Section 52, article 16.

The plaintiff in error is the surviving husband of Mary T. Reed, and was married to her in 1885. He and the said Mary T. resided upon the land in controversy and used it as their homestead until in July, 1893,

when the said Mary T. died, and plaintiff in error has continued to reside upon, occupy and use the same as his homestead ever since. There were no children of the issue of this marriage, but the family was composed of plaintiff in error and the said Mary T. Reed. Plaintiff in error has no other homestead.

The defendants in error are husband and wife, and the wife—Bettie G. Talley—is the only child and heir at law of the said Mary T. Reed.

By the last will of Mary T. Reed, duly probated, the property in controversy was devised to defendant in error Bettie G. Talley, and she, joined by her husband, brought this suit in the court below, in the form of trespass to try title, to recover the premises in controversy from the plaintiff in error, J. L. Reed, who claims the right to occupy them as his homestead during his life, or as long as he may elect to do so, under section 52, of article 16 of the Constitution, as above quoted.

The defendants in error contend that, "where a homestead has been established on the separate lands of the wife by the husband and wife during marriage, and the wife dies, devising the land to her daughter, leaving no children by the husband, or any constituent of the family except the husband, the devisee under such will takes the property free from any homestead right of the husband;" and to sustain this proposition they cite articles 5333 and 5334, Revised Statutes (1895), which confer upon certain classes of persons the power to dispose of their property by will, which clearly cover the persons and property under consideration, but the last clause of article 5334 provides that such power to dispose of one's property is "subject to the limitations prescribed by law."

Now the law, both organic and statutory, has prescribed numerous limitations on this power. In the very title in which these articles are found (Title 110, Rev. Stats., 1895), there are numerous articles limiting this power, notably articles 5343, 5344, 5345, 5347, 5348, 5350, and probably several others; and the question in this case is, whether or not section 52, of article 16 of the Constitution is another limitation upon the power of the wife to dispose of the homestad absolutely by will, where it is her separate property and she leaves a surviving husband.

It is contended by defendants in error that the rights of the husband and wife in their respective separate estates in lands are not the same under the Constitution and laws of the State; that, while the husband cannot dispose of the homestead by will, it being his separate estate, so as to defeat the homestead rights of the wife to occupy the same after his death as long as she elects to do so, there is no such limitation placed upon the power of the wife in devising her separate estate.

To support this view defendants in error cite article 2059, Revised Statutes (1895), which is as follows: "The homestead rights of the widow and children of the deceased are the same, whether the homestead be the separate property of the deceased or the community property between the widow and deceased, and the respective interests of such widow and children shall be the same in one case as in the other." It is contended that the Revised Statutes contain no such provision in favor

of the husband, and yet the legislature, they say, intended to fully reg-
ulate the respective rights of husband and wife in the homestead, and,
therefore, article 2057, Revised Statutes (1895), was enacted in favor of
the husband.

It is also contended that section 15 of article 16 of the Constitution
protects the wife's separate estate from such statutory provisions in re-
lation thereto as is enacted in article 2059 in relation to the separate
property of the husband.  That constitutional provision is as follows:
"All property, both real and personal, of the wife, owned or claimed by
her before marriage, and that acquired afterwards by gift, devise or de-
scent, shall be her separate property; and laws shall be passed more
clearly defining the rights of the wife, in relation as well to her separate
property as that held in common with her husband."

We are reminded by defendants in error that no such provision as this
can be found in the Constitution with reference to the separate property
of the husband, and it is asserted, therefore, that any law which would
engraft upon the separate estate of the wife a life estate in favor of the
husband, upon any condition, would be unconstitutional; and, to quote
the language of defendants in error's counsel, "such would be the effect
of a law vesting in the husband the right to occupy the homestead, the
separate estate of the wife, during the lifetime of the husband, or so
long as he may elect to use or occupy the same."

Defendants in error's counsel refers to section 52, article 16 of the Con-
stitution, as quoted above, but insists that it does not apply to the ques-
tion here involved.  We think it does, and is conclusive of the contro-
versy.  We think it is a limitation on the power of the wife, as well as
that of the husband, to dispose of her property by will.

In the case of Hall v. Fields, 81 Texas, 553, the Supreme Court held
that a father could not dispose of his homestead by will, although it was
his separate estate, so as to defeat the right of the guardian of his mi-
nor children to reside upon and occupy the same, notwithstanding the
children were, at the date of his death, residing with their mother, who
had been divorced, upon a homestead acquired by the mother after di-
vorce.  Garrett, the learned Presiding Judge who delivered the opinion
of the court, in that case, says: "Section 52 of article 16 of the Con-
stitution of 1876 was doubtless intended for the benefit of the heirs (and
shall we say devisees and legatees) of a decedent, by preventing the title
from vesting in the constituents only of the family at the time of the
death of the head.  But it also goes further, and protects the survivor
and the minor children in the use and occupation of the homestead, al-
though the estate may be solvent.  *  *  *  A will can no more defeat
the rights of creditors than the course of descent cast at the death
of an intestate can.  Nor can a will affect the rights of the surviving
husband or wife or the minor children in property exempt from execu-
tion any more than it can affect the rights of creditors in property not
so exempt.  The right of the minor children to use and occupy the
homestead through their guardian is superior to the right of the execu-

Vol. XIII. Civil—19.

tor or the devisees under the will, or the adult heirs of an intestate, who take the fee in the land or an interest therein subject to the burden placed thereon by the Constitution and the laws. It is not the policy of our law to make any distinction in favor of one who takes land by devise or against one who takes as an heir. Statutes govern in both cases. A person may devise his property by will to the exclusion of his heirs, but it must be done 'subject to the limitations prescribed by law.' "

The limitation in the case just quoted from, which prevented the father from defeating the homestead right of the guardian of his minor children by disposing of it otherwise by will, was section 52 of article 16 of the Constitution; and that clause of the section which, it is held, gave the guardian of the children the right to occupy the homestead, is the same clause which prohibits the partition of the homestead among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead. There is no rule of interpretation that will include the children and exclude the surviving husband or wife. See also, Revised Statutes (1895), article 2062; Childers v. Henderson, 76 Texas, 667; Eubank v. Landram, 59 Texas, 247; Kessler v. Draub, 52 Texas, 579; Blum v. Gains, 57 Texas, 119; Zapp v. Strohmeyer, 75 Texas, 639; Hudgins v. Sansom, 72 Texas, 231.

In Hudgins v. Sansom, supra, Chief Justice Stayton, in referring to section 52, article 16, says: "The purpose of the constitutional provision quoted evidently was to secure to the surviving wife or husband the right to use the homestead so long as he or she might elect to do so, and to protect minor children in a home so long as, in the opinion of the court having jurisdiction over the property and minors, it was necessary that they should use the homestead. It was the right of such persons to occupy the homestead which it was the purpose of the Constitution to protect, and it therefore forbids. the partition of the homestead so long as given conditions continue."

The rights of a married woman in her separate estate are no higher or greater than those of the husband in his separate estate, and section 15 of article 16 of the Constitution was not intended to produce any such effect. It only declares that certain property shall be her separate estate, and declares that the legislature shall enact laws more clearly defining the rights of the wife in relation to her separate property, as well as in the common property. The statutes of Texas (Revised Statutes of 1895, article 2967) put the two, under the authority of this article, upon an exact equality in relation to their separate estates, except that it declares that the husband shall have, during marriage, sole management of the wife's separate estate. So that we conclude that the wife has no more right to dispose of her separate estate by will when it is the homestead of herself and husband, so as to defeat his rights to occupy it as a homestead during his life, than the husband has by the same means to defeat his children or his wife of the rights conferred upon them by section 52 of article 16 of the Constitution.

We are therefore of opinion that, as the property in controversy was the homestead of plaintiff in error and his wife, Mary T. Reed, at the date of her death, and there were no minor children, the plaintiff in error is entitled to the exclusive use and occupation of the same for a homestead during his natural life, or so long as he may elect to use or occupy the same as such.

And as the case is before us as an agreed case, presenting only the question of law here decided, we hereby reverse the judgment of the District Court rendered herein in favor of defendants in error, and here render judgment for plaintiff in error for the premises described in the judgment, that he, the said J. L. Reed, do have, recover and hold, as against the defendants in error, J. C. Talley and Bettie G. Talley, the premises so described, for his sole and separate use, benefit and behoof for and during his natural life, or so long as he may elect to use or occupy the same as a homestead; and for all costs of this cause, both in this court and in the District Court.

*Reversed and rendered.*

Delivered April 25, 1896.

Writ of error refused.