## J. SMITH AND ANOTHER v. M. BASINGER.

See this case for irregularities and vexatious proceedings for delay after judgment, in giving delivery bond, and prosecuting writ of error to judgment on said bond, which induced the Court to award ten per cent. damages on affirmance of the judgment.

Where there was a question whether the principal in a delivery bond was bound by the form of the bond, the Court said it was not important, as he was bound at all events, and affirmed the judgment on the bond, against the principal and surety.

It seems a writ of error lies to a judgment which has become such by operation of law, as by the forfeiture of a delivery bond.

Error from Rusk.

*J. W. Flanagan*, for plaintiffs in error.

*W. H. Parsons*, for defendant in error.

HEMPHILL, CH. J.   The plaintiff below, Martin Basinger, recovered judgment against James Smith on a promissory note, and execution having issued was levied upon one wagon and three yoke of oxen, as the property of James Smith, pointed out by H. M. Smith.   From that time the rights of the plaintiff to the fruits of his judgment, have been suspended by the artifices of this H. M. Smith and the inattention of the officers below.   The property was replevied by the execution of a delivery bond, signed apparently by James Smith in person, and H. M. Smith, but throughout the bond the said H. M. Smith represented himself as acting as the agent of James Smith.   This bond having been forfeited, and execution having issued thereon, in the terms of the law, and lodged with the Sheriff, Henry M. Smith petitioned for a writ of error, in which he set forth the facts in relation to the rendition of judgment against James Smith, the issue of execution, the

levy, and states that the said H. M. Smith, in the temporary absence of the defendant, gave a delivery bond with H. M. Smith as security; he further states the forfeiture of the bond, the issue of execution against James and H. M. Smith, and alleges that judgment on said forfeited bond is contrary to law for various reasons, the third of which is that there is no such statutory bond (the defendants not denying the execution of said delivery bond) as would justify execution to issue upon the same, or 'the same to have the force and effect of a judgment. The petitioner prayed for a writ of error, but the petition was signed, not by himself alone, but also by J. Smith, by Lewis and Flanagan, his attorneys.

This petition objects only to the forfeiture of the bond and consequent judgment and execution, and not to the original judgment against James Smith. In fact, James Smith is not suffered to be visible in the petition, until we read the signatures, where both defendants sign, their attorneys, however, regarding them as but one person and signing themselves as his and not their attorneys.

In the writ of error bond, both James and H. M. Smith appear as principals, the said James Smith signing by H. M. Smith as agent. The conditions of the bond recite that the said principals are about removing to the Supreme Court a judgment in the District Court against James Smith, &c., proceeding to state the original judgment, the execution, levy, the forfeiture of the bond and consequent execution for the reversal of which case, as the bond states, the case is removed to the Supreme Court, evidently contemplating that the whole case should be brought under review, and not the judgment on the forfeited bond alone, although the petition for the writ of error had urged objections to that judgment only, and not to any antecedent proceedings in the cause.

The petition having been filed and bond given, a citation and supersedeas issue from the District Clerk, in neither of which is any mention made of the delivery bond or its forfeiture and consequent execution; and although Henry M. Smith

prayed for the writ of error, and urged objections only to the judgment on the bond, yet his name is not mentioned in the citation and supersedeas as a party to the proceedings. In fact he is expelled from the case, and James Smith appears as sole actor, and the original judgment against him as the only matter to be reviewed in this Court, and the execution on said judgment the only matter which the Clerk directs to be superseded.

When, in the chronological order of procedure, we arrive at the assignment of errors, the scene is again changed; no errors as to the original judgment are assigned. That is not at all brought in question. But the objections are to the judgment and execution on the bond alone. Whether both James and Henry M. Smith are parties to this assignment might admit of some debate. The case is styled M. Basinger v. James Smith and Henry M. Smith; but the party making the assignment appears as a single individual as plaintiff, and the attorneys sign themselves as representing a plaintiff in error.

But it is useless to dwell further on the anomalies of this case, or the artful devices by which the plaintiff has been deprived of the benefits of his judgments. The transmutations and shiftings from judgment to judgment, and from party to party, are but a scheme to hinder the defendant in his rights, the further success of which would be a reproach to the administration of justice.

Whether the bond be good against James Smith or not, is not material to the defendant in error. The said James Smith is already bound by the original judgment, and a second judgment against him would avail nothing to the plaintiff in execution. The judgment against the security in the bond is the only matter in which the plaintiff can have any interest. And this bond at all events is good against the security. It is not necessary to express any opinion as to its validity against James Smith, the principal. I am inclined to believe that in equity it would be good, provided Henry M. Smith had authority to act as agent and that is not denied. But, be that as

it may, the bond is good against the surety, and as the surety appears in fact to be the only party complaining, although the parties are thrust in and out very unceremoniously in this cause, and as the principal cannot be injured, he being bound by the judgment originally entered, and as delay is manifestly the object of the writ of error, it is therefore ordered, adjudged and decreed that the judgment upon the bond be and the same is hereby affirmed with ten per cent damages for the delay.

Affirmed with damages.