## J. V. HUDGINS ET AL. V. M. SANSOM, GUARDIAN.

### No. 2619.

1. **Partition—Homestead.**—Under article 16, section 52, of the State Constitution, the homestead is not subject to a partition which would vest in the party receiving it in partition the right to possess it as against others so long as the surviving husband or wife elects to occupy it or so long as a court having jurisdiction shall permit a guardian with minor children of the deceased to occupy it.

2. **Same—Will.**—When by will the surviving husband or wife gives all "my real estate wherever the same may be situated" in designated undivided interests to legatees some of whom are minor children, such partition of the homestead may be made even during the minority of the children as will protect them during minority in their constitutional right to occupy it until their minority ceases.

3. **Homestead—Guardian.**—While the guardian of the estate of a minor is entitled to control the entire estate he can not do this so as to deprive the guardian of the person of the minor of the right to occupy the homestead with the minor ward, and to use it for the purposes of a home. All profits resulting from such occupancy in excess of the amount necessary to the support of the minor are subject to the control of the guardian of the estate.

APPEAL from Johnson. Tried below before Hon. J. M. Hall.

The opinion of the court states the case.

*Smith & Davis*, for appellants. —F. M. Sansom, deceased, having disposed of all his real estate by will, including his homestead, and his will having been probated and the executors therein named having qualified, and all the devisees named in the will having accepted its terms and provisions either in person or by their legal guardians, and the real estate being ready for partition, the County Court of Johnson County, sitting as a Probate Court, had no legal power or authority to set aside the homestead of F. M. Sansom, deceased, to M. Sansom, guardian of the estate of the minor devisees, for their use and benefit, thereby withholding it from partition among all the devisees named in the will.

*Crane & Ramsey*, for appellee.—The homestead can not be partitioned among the heirs or legatees of the deceased so long as the guardian of the minor heirs who are legatees and joint owners of said homestead are permitted, under the order of the proper court having jurisdiction over the estate, to use or occupy the same.   Cons., art. 15, sec. 52; Rev. Stats., arts. 2004–5; Foreman v. Merony, 62 Texas, 723.

The making of a will in which the testator merely directs that the homestead shall vest in those who would have inherited it without a will, and in which nothing is said about the right to occupy same, will not deprive the Probate Court of the authority to determine that the minors. or their guardians shall have the use of same until the court shall otherwise direct.

STAYTON, CHIEF JUSTICE.—F. M. Sansom died testate, and by his will gave all his real estate to his daughter Mrs. J. V. Hudgins, his minor sons F. M., Otis W., and Leon, and to his grandson Frederick Leggett, each to have one-fifth thereof.   To each of his minor sons he gave the sum of three thousand dollars, and to them, his daughter Mrs. Hudgins, and his grandson Frederick Leggett, he gave in equal shares all " notes, accounts, debts, dues, and demands due or to become due, " except the proceeds of an insurance policy, of which he gave to his sons to be shared by them equally one-third, and to his daughter Mrs. Hudgins and grandson Frederick Leggett the remainder, to be equally divided between them.

He also made a provision through which he required each of the beneficiaries under the will other than his daughter to give to her in a certain event one thousand dollars out of the bequests made to them.

His minor sons were members of his family at the time of his death, and Mrs. Hudgins became the guardian of their persons and by order of the Probate Court was permitted with the minor sons to occupy the rural homestead on which the deceased had lived, but for rent of this it seems

her husband paid to the guardian of the estates of the minors the sum of $600 annually. Mr. Sansom was the guardian of the estates of the three minors.

After the estate of the deceased was ready for partition Mrs. Hudgins, joined by her husband and by the guardian of the estate of Frederick Leggett, sought in the Probate Court a partition of the real estate, the other beneficiaries under the will as well as the executors being made parties.

The Probate Court directed all the real estate except two hundred acres comprising the homestead to be partitioned, but as to that refused to order partition, on the ground that it had been set apart for the use of the three minors. From that decree an appeal was prosecuted to the District Court, where the same judgment was entered, and from that judgment this appeal is prosecuted.

The sole question in the case is whether the two hundred acres comprising the homestead should have been placed in partition. The will through which the parties claim does not attempt to make any specific disposition of the homestead, but embraces it under the general words "all my real estate wherever the same may be situated."

It is therefore unnecessary in this case to consider whether a testator could by will so dispose of property used as homestead as to permit the occupation of it by a surviving wife or by guardian with the minor child-dren under permission of the proper court.

The Constitution after providing for the descent and distribution of property occupied as homestead declares that "it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted under the order of the proper court having the jurisdiction to use or occupy it." Const., art. 16, sec. 52.

The application of this provision of the Constitution to the facts before us will determine the rights of the parties, for there is no statutory provision adding to it.

The purpose of the constitutional provision quoted evidently was to secure to the surviving wife or husband the right to use the homestead so long as he or she might elect to do so, and to protect minor children in a home so long as in the opinion of the court having jurisdiction over the property and minors it was necessary that they should use the homestead.

It was the right of such persons to occupy the homestead which it was the purpose of the Constitution to protect, and it therefore forbids *the partition of the homestead* so long as given conditions continue.

The word "partition" is evidently used in the Constitution in its legal sense, and means the act or proceeding through which two or more co-

owners cause the thing to be partitioned to be divided into as many shares as there are owners, and which vests in each of such persons a specific part with the right to possess it freed from a like right in other persons who before partition had an equal right to possess.

A proceeding which would result in this is forbidden by the Constitution so long as the surviving husband or wife elects to occupy the homestead or so long as the proper court shall permit a guardian with minor children of the deceased to occupy.

It is a partition of the homestead that is forbidden, but it does not follow from this that in the partition of an estate the homestead may not enter into the partition if that may be made without defeating the right of the surviving wife, husband, or children to occupy the homestead as under the Constitution they are entitled to occupy.

There is nothing in the will of F. M. Sansom, who seems to have disposed of all his real estate among all his heirs just as it would have been under the law had he left no will, which indicates his intention that his minor sons, on account of their minority, should have any other or greater interest in his real estate than by the terms of his will was given to them and each of the other devisees.

He left a good estate besides his real property, which consisted of twenty-three separate tracts situated in different parts of this State.

It may be that in partition the homestead may be set apart with other property to the minors, or if this can not be done that it may be set apart to one of them or to one of the other devisees, subject to the right of the guardian and the minors to occupy it so long as the proper court may permit this to be done.

We see no reason why the homestead may not enter into the partition of the estate and be disposed of in any manner which does not take away the right conferred upon the children to occupy it.

This right to occupy is the sole right which it was the purpose to protect by the provision of the Constitution quoted, and the partition of an entire estate of which a homestead may be a part, which does not take away this right, neither contravenes the spirit nor letter of that instrument.

There is a controversy between the guardian of the estate and the guardian of the persons of the minors as to who is entitled to control the homestead while occupied by the guardian of the persons. The guardian of the estate of minors obviously is entitled to control all their estate, and if it yields a revenue to control that; but while this is true even of a homestead, such a guardian can not deprive the guardian of the persons of the right to occupy the homestead with his or her wards and to use it for the purposes of their home. In such a case, however, the guardian of the persons in possession with his wards is not entitled to appropriate to himself profits arising from the use and occupation of the homestead.

These, so far as necessary for the support of the minors, may be used for that purpose; but any sum not necessary for that purpose should go to the guardian of the estates.

The judgment of the court below will be reversed with instructions to that court to enter a decree directing the partition of all the real estate, including the homestead, subject to the right of the guardian of the minors to occupy it with them during their minority, unless the proper court shall sooner withdraw its permission for the guardian so to use it.

*Reversed and remanded.*

Opinion December 27, 1888.