JOHN R. HIGGINS ET AL v. W. A. HIGGINS ET AL.

Decided May 7, 1910.

**1.—Community Estate—Partition—Homestead.**

Section 2, art. XVI, of the Constitution does not inhibit the inclusion of the homestead in a partition of a community estate during the lifetime of a surviving husband or wife when the homestead is but a part of the estate and the partition can be made without depriving the survivor of the possessory rights which the Constitution confers. Hence in the partition of such an estate the homestead should be included.

**2.—Same—Improvements—Joint Tenants.**

In a partition of community estate the surviving husband is not entitled to a credit for permanent improvements placed by him upon the homestead after the death of the wife. One joint tenant can not improve another out of his estate.

**3.—Same—Surviving Husband—Compensation.**

Before demand by the heirs of a deceased wife for partition of the com-

munity estate and refusal by the surviving husband, the heirs are chargeable with their ratable part of such reasonable expenses in the way of taxes, repairs and services of the surviving husband as were reasonably necessary in the care and preservation of the property. It would be otherwise after demand made for partition and a refusal by the surviving husband.

**4.—Same—Homestead—Agricultural Products.**

Agricultural products grown by a surviving husband upon the community homestead belong to him exclusively, and he is entitled to pro rata compensation therefor when fed to community livestock.

Appeal from the District Court of Deaf Smith. County. Tried below before Hon. D. B. Hill.

*Knight & Slaton,* for appellant.—Where a partition of community estate is sought between the children and the survivor in community, it is error to refuse to take the homestead into partition when it appears that the whole estate can be partitioned, and the homestead can be set apart to the survivor without doing any injury to any party to the suit. Hudgins v. Sansom, 72 Texas, 229.

The court erred. in its judgment in allowing the defendant W. A. Higgins, a credit for the amount expended by him in erecting a granary and building a house, amounting to five hundred and eighty-three dollars, on the homestead of 200 acres. Calhoun v. Stark, 13 Texas Civ. App., 60; Stephenson v. Chappell, 12 Texas Civ. App., 296.

The court erred in its judgment in allowing the defendant W. A. Higgins, a credit of $1,000 for his personal services in looking after the community estate in which he owned a one-half interest. Akin v. Jefferson, 65 Texas, 137.

*Carl Gilliland* and *W. C. Jones* for appellee.

CONNER, CHIEF JUSTICE.—The wife of appellee W. A. Higgins died in March, 1906, and this suit was instituted on the 26th day of April, 1907, by appellant J. R. Higgins and other surviving children of W. A. Higgins and his deceased wife to partition the community estate. The estate consisted of two sections of land in Deaf Smith County and a number of lots in the town of Hereford, besides some bank stock and other personal property, the whole being of the approximate value of thirty-one thousand dollars. There is no complaint of the final decree of partition, save that appellant insists that the court was in error in excluding from the partition the homestead of two hundred acres set apart to W. A. Higgins off the west side of one of the sections of land mentioned, and in allowing appellee as a credit in the community settlement the following items, viz.: five hundred and eighty-three dollars for erecting a granary, and building a house upon said homestead after the death of said wife, and one thousand dollars for his personal services in looking after the community estate, and five hundred dollars for feed fed to certain cattle on hand at the death of the mother and wife.

At least some of appellant's contentions must be sustained, we

think. Section 52, article xvi, of the Constitution, which declares that the homestead "shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead," etc., has been so construed as not to prevent the inclusion of the homestead in the partition of an estate of which the homestead is but a part, when it can be done without depriving the survivor of the possessory right which the Constitution confers. See Hudgins v. Sansom, 72 Texas, 229. The case cited is to the effect that the purpose of the constitutional provision quoted evidently was to secure to the surviving wife or husband, the right to use the homestead so long as he or she might elect to do so, but that it does not follow from this that in the partition of an estate the homestead may not enter into the partition, if that may be made without defeating the right of the surviving husband or children to occupy the homestead, as under the Constitution they are entitled to do. It may be that in partition the homestead can be set apart with other property to the party entitled thereto, without the disturbance of the possessory right guaranteed by the Constitution. This right, says the court, "is the sole right which it was the purpose to protect by the provision of the Constitution quoted, and the partition of an entire estate of which the homestead may be a part, which does not take away this right, neither contravenes the spirit nor letter of this instrument." This authority, so far as we have been able to find, has not been overruled or modified and seems conclusive on the question before us. It follows that the court should have taken the homestead into consideration.

So, too, we think the court erred in allowing appellee the items for improvement on the homestead aggregating five hundred and eighty-three dollars. Upon the death of the wife an undivided one-half interest in the entire community estate was by statute vested in the surviving children of the deceased wife; they, therefore, were in the position of joint owners and tenants with W. A. Higgins and we know of no principle of law which will authorize one joint tenant, save by the consent of his co-tenants, to place permanent and valuable improvements upon the common property except when necessary for its preservation. To so hold, would be in effect to empower one joint tenant to impose upon his co-tenant burdens that they neither desired nor had it in their power to meet. It is a familiar principle of equity, however, that in case a joint tenant has made improvements upon common property the court will in partition, if it can be done without injury to the remaining owners, set apart the improved property to the tenant making the improvements, and it may be that in the case before us appellee may be thus afforded the full benefit of the improvements mentioned.

As to the items for feed and services above mentioned, we should, perhaps, also say that appellee should certainly not be allowed compensation for services in looking after the community estate after demand for partition was made, and after refusal on his part to accede to the demand. Prior thereto we see no reason why the heirs should not bear their ratable part of such reasonable expense in the

way of services, taxes, repairs, etc., as was reasonably necessary in the care and preservation of the property. The record indicates that the feed, at least the greater part thereof, which was fed to the community cattle and horses in 1907, was grown upon appellee's homestead. All feed so grown by appellee belonged to him, and we think he would be entitled in the partition to *pro rata* compensation therefor. The feed grown and matured upon the community property, not homestead, after demand for partition, should be accounted as the joint property of all.

For the error indicated it is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*