MEYERS et al. v. RILEY et al.

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1913. On Motion for Rehearing, Jan. 14, 1914.)

1. HOMESTEAD (§ 152*)—RIGHT OF SURVIVING WIFE.

A surviving wife may select her homestead, not to exceed 200 acres, in any shape that she may see proper, provided she selects such lands as have been impressed with the homestead character and lands contiguous thereto.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 293; Dec. Dig. § 152.*]

2. HOMESTEAD (§ 150*)—RIGHT OF SURVIVING WIFE.

The court, in a partition suit by the children of a deceased husband and his surviving wife, must set aside the homestead for the use of the wife and her minor children so long as the same is occupied as a homestead, and no partition may interfere with such right of user,

but this does not prevent the court from considering the homestead in partitioning the estate.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 294–305; Dec. Dig. § 150.*]

3. PARTITION (§ 83*)—ADJUSTMENT OF EQUITIES — RIGHT OF SURVIVING WIFE — HOMESTEAD.

Where, in a partition suit by the children of a deceased husband and his surviving wife, the wife selected a homestead, the part of the homestead allotted to heirs must be awarded subject to the wife's use and occupation, and the value of that use must be considered in determining the rights of all the children in making an equitable division.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229; Dec. Dig. § 83.*]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by Mrs. Ruth Meyers and others against Mrs. R. J. Riley and others for partition. From a judgment granting insufficient relief, plaintiffs appeal. Reversed and remanded.

See, also, 150 S. W. 479.

T. R. Mears, of Gatesville, for appellants. S. P. Sadler, of Gatesville, for appellees.

JENKINS, J. In so far as the proper disposition of this case is concerned, we deem it necessary to consider only the following facts: Mrs. R. J. Riley and her deceased husband, A. M. McCallister, were the owners of about 700 acres of land, community property, in two tracts. The homestead of Mrs. Riley and her deceased husband was situated upon one of these tracts, and she continues to occupy the same as a homestead. Suit was brought by the children of Mrs. Riley and her deceased husband for partition of said estate. Commissioners were appointed, and they set apart to Mrs. Riley as her homestead 200 acres of land as claimed by her, and valued the same at $10,000. This was not taken into consideration in the partition. The remaining lands were valued at $6,400, one half of which was set aside to Mrs. Riley in fee simple, and the other half to the children.

[1] 1. It is the contention of appellants, first, that Mrs. Riley did not have the right to select her homestead in an irregular shape to the detriment of the children, who inherited one-half of the community estate. We overrule this assignment. Mrs. Riley had the right to select her homestead, not to exceed 200 acres, in any shape that she saw proper, provided only that she should select such lands as had been impressed with the homestead character and lands contiguous thereto. Shippey v. Hough, 19 Tex. Civ. App. 596, 47 S. W. 672.

[2] 2. We sustain appellants' assignment that the court erred in approving the report of the commissioners, for the reason that the same did not take into consideration the homestead in partitioning the estate. It was the duty of the court to set aside the home-

stead for the use of Mrs. Riley and her minor children, so long as the same was occupied as a homestead, and no partition of the estate could interfere with this right of user; but it does not follow from this that the homestead should not enter into the partition of the estate. As was said by the Supreme Court in Hudgins v. Sansom, 72 Tex. 232, 10 S. W. 106:

"We see no reason why the homestead may not enter into the partition of the estate and be disposed of in any manner which does not take away the right conferred * * * to occupy it. This right to occupy is the sole right which it was the purpose to protect by the provision of the Constitution quoted; and the partition of an entire estate, of which a homestead may be a part, which does not take away this right, neither contravenes the spirit nor letter of that instrument."

"The Constitution, after providing for the descent and distribution of property occupied as homestead, declares that 'It shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted under the order of the proper court having the jurisdiction, to use or occupy it.' Const. art. 16, § 52. * * * The purpose of the constitutional provision quoted evidently was to secure to the surviving wife or husband the right to use the homestead so long as he or she might elect to do so, and to protect minor children in a home so long as, in the opinion of the court having jurisdiction over the property and minors, it was necessary that they should use the homestead. It was. the right of such persons to occupy the homestead which it was the purpose of the Constitution to protect, and it therefore forbids the partition of the homestead so long as given conditions continue. The word 'partition' is evidently used in the Constitution in its legal sense, and means the act or proceeding through which two or more co-owners cause the thing to be partitioned to be divided into as many shares as there are owners, and which vests in each of such persons a specific part, with the right to possess it freed from a like right of any other persons who before partition had an equal right to possess. * * * It is a partition of the homestead that is forbidden, but it does not follow from this that in the partition of an estate the homestead may not enter into the partition, if that may be made without defeating the right of the surviving wife, husband, or children to occupy the homestead as under the Constitution they are entitled to occupy." 72 Tex. pages 231, 232, 10 S. W. 105, 106. See, also, Higgins v. Higgins, 129 S. W. 162.

[3] 3. We hold that Mrs. Riley had the right to select her homestead in the manner in which she did, and that she may have the exclusive use and possession of the same so long as she occupies it as a homestead, and that said use and occupation may be continued in her children under the order of the proper court, as provided by the Constitution. But this selection of the homestead need not necessarily be taken into consideration in partitioning the estate; that is to say, the title to the homestead, or portions thereof, may be vested by the partition in the heirs of Mrs. Riley's deceased husband, but such title would not permit them to interfere with her proper use and occupation of the homestead. And in placing the value upon that portion of the homestead which is allotted in fee to other heirs, if such be the case, of course the commissioners will take into consideration that it is burdened with the homestead rights of Mrs. Riley and her children. If in the partition the homestead or a part thereof is set aside in fee to Mrs. Riley, the same should be charged to her at its value, and if the homestead or such part thereof as shall be set aside to Mrs. Riley in fee is equal to her share of the community estate, the remainder of the estate, including the excess of the homestead not set aside to Mrs. Riley, should be partitioned among the children of her deceased husband; the part of the homestead so partitioned among the children being, however, subject to the use and occupancy of Mrs. Riley and of her minor children, as hereinbefore stated.

For the reasons herein indicated, the judgment of the trial court is reversed, and the cause remanded, with instructions to partition said estate as indicated in this opinion.

Reversed and remanded, with instructions.

### On Motion for Rehearing.

Appellees have misconstrued our opinion herein, as appears from their motion for a rehearing, and for fear that we may not have made our meaning plain, we write this additional opinion as explanatory of the original opinion herein.

(1) We did not hold that the land allotted to the eight children must be subdivided into eight tracts. As to some of the children, the land was allotted in severalty, and, as to some, it was not. This is not complained of by appellants.

(2) We did not hold that the value of the use and occupancy of that part of the homestead set apart to Mrs. Riley as her homestead, and not included in the land that might be set apart to her in fee should be charged to her, and thereby lessen the amount to which she is entitled as owner in fee of her interest in the community estate. The surviving husband or wife is entitled to the use and occupancy of the homestead as long as it is used as such, and is not chargeable with rent therefor.

The language in our opinion herein, which has been misconstrued by counsel for Mrs. Riley, is this: "In placing the value upon

that portion of the homestead which is allotted in fee to the other heirs, if such be the case, of course the commissioners will take into consideration that it is burdened with the homestead rights of Mrs. Riley and her children." This is a matter that does not concern Mrs. Riley. She is entitled: First, to the use and occupancy of her homestead of 200 acres as selected by her; second, to her part of the community estate in fee, which may or may not include the homestead or a part thereof.

Our statement as above quoted was not necessary to the decision of the case as now before us, and was made only to avoid a misapprehension which might cause another appeal on the part of some of the children on the ground that partition among them was inequitable. What we meant was this: After Mrs. Riley's portion of the land has been awarded to her in fee, if any part of the land awarded to the children of her former husband, McAllister, is included in the land awarded to her as her homestead, that fact should be taken into consideration in the partition among the McAllister heirs. To illustrate: Suppose there is a community estate of 400 acres of land, all of equal value, if improvements be not considered. The land without improvements is worth $10 per acre, or a total of $4,000; 300 acres are improved, and the improvements are of the value of $4,000, making the total value of the entire tract $8,000. As the survivor of the community, the wife would be entitled to $4,000 worth of the land. There is set aside to her in fee 150 acres, on which the improvements are worth $2,500, making the value of the 150 acres awarded to her $4,000. But there is also set aside to her use as a homestead 200 acres, including the 150 acres set aside to her in fee. Thus she would receive what she is entitled to in fee and as a homestead. There are two children, who are each entitled to equal portions of the remainder of the estate. The 50 acres included in the homestead, but not included in that portion of the land set aside to the wife in fee, has improvements upon it of the value of $1,500, making its value $2,000. The other 200-acre tract is unimproved, and is of the value of $2,000. It would be inequitable to award one of the children the 50 acres and the other the 200 acres, for the reason that the homestead right of the wife would lessen the market value of the 50 acres in proportion to her age. If she was young, the child to whom this 50 acres was awarded, or its assigns, might have to wait 50 years before coming into possession. In such case, the fact that the 50 acres was burdened with the homestead rights of the wife should be taken into consideration in apportioning the 250 acres between the children.

For the reason that we believe our former opinion herein correctly disposes of this appeal, the appellees' motion for a rehearing is overruled.

Motion overruled.