RUSSELL v. RUSSELL et al. (No. 2447.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 25, 1921. Rehearing Denied Dec. 1, 1921.)

Homestead ⬡==152—Value of widow's right to use of homestead not subtracted from fee-simple value in estimating her distributive value as her part.

In partition of real estate of deceased husband as between widow and surviving children, the homestead should be set aside to the widow at its full fee-simple value as a portion of her interest in the common property, without deducting from such value a sum representing the value of her right to the use and occupancy of the homestead, under Const. art. 16, § 52.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Suit by Susan Russell against J. E. Russell and others. From judgment rendered, plaintiff appeals. Affirmed.

Cunningham, McMahon & Lipscomb, of Bonham, for appellant.

Wheeler & Leslie, of Bonham, for appellees.

HODGES, J. The appellant, Susan Russell, filed this suit in January, 1921, for the partition of certain real and personal property situated in Fannin county, most of which belonged to the community estate of herself and her deceased husband, Al. Russell. The latter died in 1920 and was survived by his widow (the appellant), seven adult children, and a grandchild, the heir of a deceased daughter. These latter are the appellees, and were the defendants in the trial court. The estate left by Russell consisted of three tracts of land (50 acres in the country, and two lots in the city of Bonham), $3,000 on deposit in a local bank, household and kitchen furniture, and two horses; all of which belonged to the community estate of the appellant and her deceased husband. In addition to this, there were four vendor's lien notes aggregating $4,000, which belonged to the separate estate of the deceased. The

lots situated in the city of Bonham had been the family homestead and were being occupied by the appellant as such when this suit was instituted. In her prayer for relief appellant says:

"Plaintiff alleges that the land and property—not taking into consideration said' homestead, which under the law plaintiff is entitled to have set aside to her as a homestead—are not susceptible of a fair and equitable partition in kind, and asks that the court hear evidence upon this issue. Wherefore plaintiff prays that the court appoint a receiver to sell said land and premises and to partition said estate among the parties entitled thereto; that the homestead be set aside to the plaintiff herein for her use during her life."

In a trial before the court judgment was entered for a partition of the property awarding to each heir a share according to the law of descent and distribution. The court further directed that the two lots situated in the city of Bonham and used as family homestead be set aside to the appellant at its full fee-simple value as a portion of her. interest in the common property. Provision was made for the protection of her right of use and occupancy should the value of this property exceed her interest in the estate, and for an additional allowance should it be less than the value of her interest. Commissioners were appointed to carry out the judgment of the court.

The complaint on this appeal is that in disposing of the homestead the court failed to take into consideration the monetary value of appellant's right to use and occupy it during the remainder of her life. It is contended that in appraising the value of her interest she should not have been charged with the full fee-simple value of the homestead. Counsel argue that her right of use and occupancy had a value which she did not share with the children, and that value should have been substracted from the fee-simple value of the homestead in estimating its distributive value as her part of the community property. If that contention is sound, the appellant should have been awarded more than one-half of the community property; the excess being measured by the actual value of her homestead right of use and occupancy. The contention is based upon section 52 of article 16 of the Constitution, which protects the surviving husband or wife in the continued use and occupancy of the homestead. The question has, we think, been settled by the courts of this state contrary to the contention of the appellant. Meyers v. Riley, 162 S. W. 955; Hudgins v. Sansom, Guarddian, 72 Tex. 229, 10 S. W. 104; Higgins v. Higgins, 61 Tex. Civ. App. 41, 129 S. W. 162;

Jarrell v. Crow, 30 Tex. Civ. App. 629, 71 S. W. 397; Berry v. Godwin (Com. App.) 222 S. W. 191.

It is true that in the cases cited the homesteads involved were situated in the country, while in this instance it is within the limits of the city; but that fact is of no legal importance. The rights of the survivor in one kind of a homestead are as much the object of constitutional protection as in the other kind. The particular use which may be made of the premises, or the special benefits they may yield to the occupant, do not affect the rule which controls their disposition in partition proceedings like this. It is held, in the cases above referred to, that while the homestead cannot itself be divided among the joint owners of the fee so long as the survivor may elect to use or occupy it, if there is other property to be disposed of in the proceedings for partition, the homestead may be taken into consideration in making the distribution. If it is awarded in its entirety to the tenant having the right of use and occupancy, the constitutional rights are not invaded. In contesting this rule counsel for appellant contend that the homestead right has an appreciable monetary value which cannot be disregarded. They argue that if in this instance it were the separate property of the deceased husband, the appellant, while enjoying the right to use and occupy it the remainder of her life, could, at the same time share equally with the heirs in the division of the community property. They insist that the fact that the homestead is on the community does not make her possessory right any the less valuable. It is true that the survivor's right to use and occupy the homestead is a valuable right, but it is not an estate which can be alienated. It cannot be assigned, nor taxed, nor subjected to the payment of debts of the survivor, even if not otherwise exempted. It is merely a privilege personal to the parties named in the constitution—a right to use the particular property on which the home is located. However valuable this personal privilege may be, it cannot be appraised as property in the division of an estate. If in this case the appellant may legally require that the monetary value of her right of use and occupancy be subtracted from the distributive value of the homestead, and that compensation be made by awarding to her that much more than half of the community property, she would be compelling payment for something she could not assign, and be receiving the value of a personal privilege while still enjoying it. The Constitution never intended to confer any such right.

The judgment will be affirmed.