**JONES v. DEWBRE et al. (No. 7300.)**

Court of Civil Appeals of Texas. Austin.
Dec. 15, 1928.

Sweet & Nabors, of Brownwood, for appellant.

J. L. Alford, of Rising Star, and Lee & Gray, of Brownwood, for appellees.

McCLENDON, C. J. Sole question presented: Does partition in kind of the community homestead, which constitutes the entire community estate, lie at the instance of the surviving wife, holder of the homestead interest and owner of one-half undivided interest in the fee, against the owners of the remaining undivided interest in the fee, where the survivor does not waive, but expressly reserves, her homestead interest and seeks partition of the fee only and subject to her homestead right? The question arises upon appeal from a judgment of dismissal after the trial court sustained a general demurrer to plaintiff's petition and she declined to amend.

Appellees rely upon section 52, art. 16, of the Constitution, which provides that the homestead shall not be partitioned "during the life time of the surviving husband or wife, or so long as the survivor' may elect to use * * * the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

Appellees concede that, where the homestead constitutes only a part of the estate, it may be taken into consideration in a partition, provided the use as a homestead be preserved to those entitled thereto; but that, where the homestead constitutes the entire estate, the fee cannot be partitioned unless the homestead is waived. The cases relied upon are the following: Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104; Moore v. Moore, 89 Tex. 29, 33 S. W. 217 (explained in Hoefling v. Hoefling, 106 Tex. 350, 167 S. W. 210, and Berry v. Godwin [Tex. Com. App.] 222 S. W. 191); Higgins v. Higgins, 61 Tex. Civ.

App. 41, 129 S. W. 162; Meyers v. Riley (Tex. Civ. App.) 162 S. W. 955.

In Hudgins v. Sansom, above (Chief Justice Stayton writing), the above constitutional provision was construed in the following language:

"The purpose of the constitutional provision quoted evidently was to secure to the surviving wife or husband the right to use the homestead so long as he or she might elect to do so, and to protect minor children in a home so long as in the opinion of the court having jurisdiction over the property and minors it was necessary that they should use the homestead.

"It was the right of such persons to occupy the homestead which it was the purpose of the Constitution to protect, and it therefore forbids the partition of the homestead so long as given conditions continue.

"The word 'partition' is evidently used in the Constitution in its legal sense, and means the act or proceeding through which two or more co-owners cause the thing to be partitioned to be divided into as many shares as there are owners, and which vests in each of such persons a specific part with the right to possess it freed from a like right in other persons who before partition had an equal right to possess.

"A proceeding which would result in this is forbidden by the Constitution so long as the surviving husband or wife elects to occupy the homestead or so long as the proper court shall permit a guardian with minor children of the deceased to occupy.

"It is a partition of the homestead that is forbidden, but it does not follow from this that in the partition of an estate the homestead may not enter into the partition if that may be made without defeating the right of the surviving wife, husband, or children to occupy the homestead as under the Constitution they are entitled to occupy."

■ Under this construction, the Constitution deals only with the homestead right as such, and, so long as that right may be preserved, the general principles of law governing the subject of partition apply.

■ The homestead right, although not an estate in realty, nevertheless partakes of the nature of an estate for life or a term of years, in that the use, fruits, and occupancy of the property inhere in the holder of the homestead right during the homestead period.

In Tieman v. Baker, 63 Tex. 641 (Associate Justice Stayton writing), it was held that one who has the life estate and also owns in fee simple an undivided interest is, under our statutes, "entitled to have the property partitioned, for this may be necessary to that use and enjoyment of his interest in the property which as owner of the fee he is entitled to. He may desire to build on or improve his share of the property in such manner as he could not safely do on property of which the fee is held by himself and another; for he would not be entitled to compensation from his co-owner for improvements made without the request of such person, unless this could be given by setting apart to him in partition at some future time that part of the lot on which improvements might be made." For other authorities on this subject, see 12 A. L. R. 644.

■ Appellees, in their answer, denied that the property was susceptible of partition in kind. This raised a fact issue, which of course could not be determined upon demurrer. Should this allegation be sustained, then the question would be presented whether by filing the suit appellant waived her homestead right in case the property was not susceptible of partition in kind, or whether upon determination of that issue she would be entitled to elect either to waive her homestead right or take a nonsuit. This question is not now before us, and, as it may never arise in the case, we express no opinion upon it.

The trial court's judgment is reversed, and the cause remanded for trial on the merits.

Reversed and remanded.