## CROW v. FIRST NAT. BANK OF WHITNEY.

No. 1285.

Court of Civil Appeals of Texas. Waco.
Sept. 28, 1933.

Rehearing Denied Nov. 2, 1933.

378

Collins & Martin, of Hillsboro, for appellant.

John Abney, of Hillsboro, and J. Fred Rose, of Whitney, for appellee.

ALEXANDER, Justice.

This action was brought by the First National Bank of Whitney against A. W. Crow and Mrs. C. J. Crow, a widow, for debt, and against Mrs. C. J. Crow and J. D. Crow to set aside a certain conveyance of approximately 300 acres of land made by Mrs. Crow to her son, J. D. Crow, and alleged to have been made by Mrs. Crow to defraud her creditors. By the original petition the plaintiffs sought to recover on a certain promissory note in the sum of $1,000 of date March 5, 1929 and alleged to have been executed by A. W. Crow and Mrs. C. J. Crow. A. W. Crow pleaded a discharge in bankruptcy and was dismissed from the suit. Mrs. Crow denied execution of the note and in addition alleged that all of her interest in the land alleged to have been sold to defraud creditors was exempt to her as a homestead and that by reason thereof the conveyance was not a fraudulent one within the terms of the statute prohibiting such sales. By way of supplemental petition the plaintiff alleged that if Mrs. Crow did not actually execute the note sued on nor authorize any one to sign same for her, she afterwards ratified her signature thereto and was estopped to plead that she did not execute same. In the alternative, the plaintiff alleged in said supplemental petition that some time prior to 1927 A. W. Crow was indebted to the bank in a large sum of money and that in order to secure an extension thereof he and Mrs. C. J. Crow executed and delivered to the bank their note for approximately the sum of $1,000, payable several months after its date; that said original note was never paid but was renewed by the note in the sum of $1,000 described in plaintiff's original petition; that plaintiff could not give the exact date nor the amount of said original note, but that the amount due thereon was exactly the same as the amount due on said $1,000 note dated in 1929; that if said $1,000 note of date 1929 was not executed by Mrs. Crow nor ratified by her, said original note was still in force and effect and the defendant was liable thereon.

The evidence disclosed that in 1927 A. W. Crow, who is a son of Mrs. C. J. Crow, was indebted to the bank. During that year, he executed a note to the bank in the sum of $826.50, and, with Mrs. Crow's consent, signed her name thereto as surety. In 1928 he executed and delivered to the bank a renewal note in the sum of $905.25, and in 1929 he executed and delivered to the bank the renewal note in the sum of $1,000 above referred to. Mrs. Crow's name appeared as a joint maker on each of the renewal notes executed in 1928 and 1929, respectively, but it is not shown who signed her name to these notes. Each of these notes was given in renewal of the original indebtedness evidenced by the 1927 note.

The jury, in answer to special issues, found that Mrs. Crow consented for A. W. Crow to sign her name to the 1927 note; that Mrs. Crow did not sign the 1929 note, but that she acquiesced in her signature to each of the three notes executed in 1927, 1928, and 1929, respectively. The jury further found, in effect, that Mrs. Crow had conveyed a part of her land to her son, J. D. Crow, without any consideration. Upon the verdict of the jury, the court entered judgment against Mrs. Crow for the debt and against Mrs. Crow and J. D. Crow setting aside the sale of said land, on the ground that the conveyance had been made to defraud creditors, and ordered a sale of Mrs. Crow's interest in 100 acres thereof in satisfaction of said judgment. Mrs. Crow appealed.

The appellant presents the proposition that the evidence is insufficient to support the verdict of the jury to the effect that she acquiesced in her signature to the 1929 note. After a very careful examination of the record, we have reached the conclusion that the evidence is sufficient to support the verdict on this issue. However, if we be mistaken in this, nevertheless the appellee was entitled to a judgment against Mrs. Crow because the suit was upon a note alleged to have been executed by her, and while she denied the execution of the note, her denial was not under oath. Such unsworn plea was not sufficient to put in issue the execution of the instrument sued upon. Revised Statutes, art. 2010; Thomason v. Berry (Tex. Com. App.) 276 S. W. 185, par. 2; Drew v. Harrison, 12 Tex. 279; Watts v. Gibson (Tex. Civ. App.) 33 S.W.(2d) 777, par. 1. Moreover, the appellee, by way of supplemental petition, sought to recover on the 1927 note in the event a recovery could not be had on the 1929 note. Such supplemental petition, in the absence of an exception, may be considered as an amendment to the cause of action as alleged in the original petition. Wilson v. Hagins (Tex. Com. App.) 50 S.W.(2d) 797, par. 2; Glenn v. Dallas County, etc., District, 114 Tex. 325, 268 S. W. 452, par. 2; Stephens v. Anson Motor Co. (Tex. Civ. App.) 21 S.W.(2d) 699, par. 2. While the allegations with reference to the 1927 note were not as full as they might have been, we

think they were sufficient to allege a cause of action thereon. Mrs. Crow admitted that she had authorized her son to sign her name to the 1927 note. This note has never been paid and Mrs. Crow is liable thereon unless the note executed in 1929 was valid. Marine Bank & Trust Co. v. House (Tex. Civ. App.) 299 S. W. 276; Officer v. Marshall, 9 Tex. Civ. App. 428, 29 S. W. 246. The result is that Mrs. Crow is either liable on the original note admittedly executed with her consent, or else she is liable on the 1929 note alleged to have been given by her in renewal thereof, and since these notes were for the same amount it is immaterial on which of them a recovery was allowed. The court properly entered judgment against Mrs. Crow for the amount sued for.

■ We will next consider the bank's right to have the conveyance of the land in question as made by Mrs. Crow to her son, J. D. Crow, set aside as in fraud of creditors, and the bank's right to subject Mrs. Crow's interest in said land to the payment of its debt. The appellant contends that her entire interest in the land in question was exempt to her as a homestead and that she had a right to make a gift thereof to her son without violating the statute prohibiting fraudulent sales. It is well settled that homestead property is not subject to the payment of unsecured debts and that a conveyance thereof does not come within the purview of the statutes as a fraudulent conveyance. 20 Tex. Jur. 381. Mrs. Crow and her deceased husband, H. L. Crow, during his lifetime, owned 250 acres of land as community property. Mrs. Crow owned in her own right approximately 50 acres of land which she had inherited from her father. All of this property was used and occupied by them as their homestead. While most of the improvements were on the community property, the cow lots, pigpens, and other improvements were on Mrs. Crow's separate property. There is no evidence that the husband ever segregated any part of the land or otherwise designated any particular tract thereof as his homestead. H. L. Crow died intestate, about eight years prior to the filing of this suit, leaving his wife and several children, all of whom were of age and none of whom were dependent upon Mrs. Crow. After H. L. Crow's death, Mrs. Crow continued to live on the property and to use the entire 300 acres as her homestead and was so using the same at the time of the trial. There was never any partition of the land between her and the children and no selection by her of the statutory homestead out of the 300 acres in question. Prior to the filing of this suit and after the execution of the note to the bank, Mrs. Crow conveyed the 300 acres of land in question to her son, J. D. Crow, in consideration of his providing a home for her during her lifetime. In said deed Mrs.

Crow reserved the possession and control of said land as long as she lived. It is this conveyance which the bank seeks to set aside as fraudulent.

■ We do not believe that Mrs. Crow's interest in any part of this land was subject to execution for her unsecured debts. It is true that H. L. Crow and wife were only entitled to hold 200 acres of the land as their homestead, and that Mrs. Crow, after the death of her husband, she not being the head of a family, could not acquire a new or different homestead nor claim a homestead interest in any land other than that claimed and used by her and her husband as such. Rogers' Adm'r v. Ragland, 42 Tex. 422. But since H. L. Crow and wife used and occupied the entire 300 acres as their homestead and never designated any particular part thereof as such, they at all times had the right to designate and claim any particular 200 acres thereof, which they might choose, as their homestead. Their right to select the homestead extended to every acre of the land, including Mrs. Crow's separate property. When the husband died the right to so select the homestead continued in Mrs. Crow. Shippey v. Hough, 19 Tex. Civ. App. 596, 47 S. W. 672. After the husband's death, however, she only owned an undivided one-half interest in the 250 acres of the community property or the equivalent of 125 acres in fee, plus the 50 acres separate property. This was less than the constitutional limitation of 200 acres. So far as future creditors were concerned her homestead right extended to and included all of her undivided interest in the land theretofore used as a homestead so long as such interest did not exceed the equivalent of 200 acres in fee. Jenkins v. Volz, 54 Tex. 636; Brown v. McLennan, 60 Tex. 43; Young v. Hollingsworth (Tex. Civ. App.) 16 S.W.(2d) 844, par. 3 (writ refused); Johnson v. Echols (Tex. Civ. App.) 21 S.W.(2d) 382 (writ refused); Hamm v. Brown & Horn (Tex. Civ. App.) 29 S.W.(2d) 431. Since her interest in the 300 acres of land in question did not exceed the amount allowed for a homestead under the Constitution, she could not be compelled to select any particular part of said 300-acre tract as her homestead until such property had been partitioned and her share thereof definitely located. See authorities above cited. It has been held that upon partition of a community estate, that part of the land claimed by the widow as her homestead may, as far as possible and consistent with the interest of the parties, be set aside to her in fee as her portion of the community property, and to that extent her homestead may be made to coincide with the land set aside to her in fee in the partition. Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104; Meyers v. Riley (Tex. Civ. App.) 162 S. W. 955; Higgins v. Higgins, 61 Tex. Civ. App. 41, 129 S. W.

162; Haley v. Hail (Tex. Civ. App.) 135 S. W. 663 (writ refused); Jarrell v. Crow, 30 Tex. Civ. App. 629, 71 S. W. 397; Russell v. Russell (Tex. Civ. App.) 234 S. W. 935; McCanless v. Devenport (Tex. Civ. App.) 40 S.W.(2d) 903, par. 13. Therefore, upon a partition of said land between Mrs. Crow and the children, it would have been her right, if not her duty, to select that part of the community property set aside to her in fee in such partition, together with the 50 acres belonging to her as her separate property, as her homestead and she could have claimed the same as exempt from execution. Had this been done prior to the filing of this suit, certainly no part of her property would have been subject to execution. We cannot see how Mrs. Crow has lost her exemption to any part of the land by the mere failure to have same partitioned prior to the filing of this suit. Her creditors could not thus destroy her right to such exemption by filing this suit before the land had been partitioned.

The reason for applying the rule as above indicated will be more apparent if we consider the injustice that will result to the heirs of H. L. Crow should we hold that Mrs. Crow's interest in a part of the land is subject to execution for the debt in question. To illustrate, if the heirs had brought suit for partition of the community property prior to the filing of this suit, upon partition thereof Mrs. Crow would have received one-half of the community property or 125 acres in fee, which, with the 50 acres separate property, would have amounted to 175 acres as hers in fee. If she had elected to claim this part of the land as a portion of her homestead, she would have been entitled to 25 acres additional out of the remaining property to make up her homestead of 200 acres, and the children would have received the immediate and exclusive possession of the remaining 100 acres not included in the homestead. On the other hand, if the bank be allowed to sell Mrs. Crow's interest in 100 acres of the land—the excess over 200 acres—before partition of the community property between Mrs. Crow and the children, Mrs. Crow, upon a subsequent partition between herself and the children, will claim the right to the exclusive possession of the remaining 200 acres as her homestead and the children will only be entitled to occupy jointly with the purchaser under the bank's sale the 100 acres sold by the bank. Upon a partition of that 100 acres between the children and the purchaser under the bank's sale, the children will be entitled to only 50 acres. In this way the children's right, as it existed at the date of the death of their father, to the immediate possession of 100 acres of the community property, will be reduced to a right to the possession of only 50 acres. The children's right cannot be thus destroyed or dissipated without any fault on their part.

We are of the opinion that Mrs. Crow's interest in the entire 300 acres of land was and is exempt from forced sale and that the bank had no right to set aside said sale and subject the land to the payment of its debt. Since Mrs. Crow's interest in said property is so interwoven with that of her vendee, J. D. Crow, manifest justice requires that the judgment in this respect be treated as a whole and that this part of the judgment be reversed as to both Mrs. Crow and J. D. Crow although the latter did not appeal. Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Thompson v. Kelley, 100 Tex. 536, 101 S. W. 1074; Bates v. Crane County (Tex. Civ. App.) 55 S.W.(2d) 614, par. 4, and cases there cited.

The judgment of the trial court in favor of the bank and against Mrs. Crow for its debt is affirmed. In all other respects, the judgment of the trial court is reversed and remanded for a new trial.

### On Motions for Rehearing and for Stay of Execution.

In our original opinion we affirmed the judgment of the trial court against Mrs. Crow for the debt sued on, and stated as one of the reasons therefor that Mrs. Crow's answer denying the execution of the note sued on was not sworn to. The parties have now, by agreement, corrected the record in this court so as to show that the answer filed by Mrs. Crow was actually sworn to by her, and appellant in her motion for rehearing now insists that we should reverse the judgment of the trial court. It will be noted, however, that there were other reasons assigned by us for so affirming that part of the judgment against Mrs. Crow, which reasons we now think are sufficient notwithstanding such answer was properly sworn to. Appellant's motion for rehearing is therefore overruled.

Appellant presents also a motion for stay of execution, attached to which is a properly certified copy of discharge in bankruptcy, and alleges that after the entry of judgment in the trial court and before affirmance herein, she filed a petition in bankruptcy, listed the debt in question, and secured a discharge in bankruptcy, and that by reason thereof we should perpetually stay execution on said judgment.

This court is limited in its review of a case on appeal to a determination of questions affecting the correctness of the judgment rendered by the trial court. It may hear evidence by affidavit or otherwise of such matters as may be necessary to the exercise of its own jurisdiction, 3 Tex. Jur. 81; but with this exception it cannot determine a material issue of fact and render judgment

thereon when such issue has not been passed upon by the trial court, 3 Tex. Jur. 426; Smith v. Texas Co. (Tex. Com. App.) 53 S.W. (2d) 774, par. 10. Whether or not the debt herein sued upon was one dischargeable in bankruptcy, whether appellee's claim was listed in the bankruptcy proceedings and appellee notified thereof, and various other issues, constitute questions of fact which must be decided before it can be determined whether or not such debt has been discharged by the decree in bankruptcy. These issues cannot be determined in this court for the first time on original evidence introduced herein. As said by the Supreme Court in the case of Flanagan v. Pearson, 42 Tex. 1, 7, 19 Am. Rep. 40: "No method has been suggested by which a discharge in bankruptcy could be plead or contested in this court, and it would be useless even to stay the proceedings, as in the lower court, for the purpose of allowing it to be obtained and plead." Since the matter here presented does not affect the jurisdiction of this court, we are of the opinion that this is not the proper place to interpose such plea. 6 Tex. Jur. 123; Burnett v. Waddell, 54 Tex. 273; Hickcock v. Bell, 46 Tex. 610; Flanagan v. Pearson, 42 Tex. 1, 7, 19 Am. Rep. 40. The motion for stay of execution is overruled.