**STRICKLER et al. v. KASSNER et al.**

No. 1395.

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1933.

Rehearing Denied Nov. 23, 1933.

T. B. Bartlett, of Marlin, and Barney A. Garrett, of Waco, for appellants.

Bartlett, Carter & Rice, of Marlin, for appellees.

ALEXANDER, Justice.

Gus Kassner died in 1916, leaving a wife and several minor children. Mrs. Emilie Kassner, his widow, duly qualified as community survivor as provided in title 54, chapter 27 (sections 3661–3683), of the Revised Statutes 1925. This suit was brought by Ida Strickler and others, who were children of Emilie Kassner and her deceased husband, Gus Kassner, against Mrs. Kassner for an accounting and for partition of the community estate. The bondsmen who executed the bond of the survivor were not made parties to the suit and no effort was made to recover on such bond. The case was tried before a jury, and upon the verdict of the jury judgment was rendered for the plaintiffs for partition of the real property on hand, and in addition some of the plaintiffs were awarded judgments against Mrs. Kassner for certain sums of money for which she had failed to account. The plaintiffs, feeling that they had not been awarded the full relief to which they were entitled, appealed to this court.

The trial court, in determining the amount due by Mrs. Kassner to the community estate for rents, interest, etc., collected by her during her administration of said estate, allowed her an offset of $3,611.75, being 5 per cent. commission on all sums collected and paid out by her as such survivor. This allowance was made by the court without any finding by the jury as to what would be a reasonable commission to be allowed the survivor. Revised Statutes, article 3689, allows executors and administrators a commission of 5 per cent. on all sums received and paid out by them, but this article apparently does not apply to a survivor administering a community estate under the statute. 14 Tex. Jur. 467, 468. Such survivor's commissions are regulated by article 3670, which provides that upon partition of the estate the survivor shall be allowed to deduct "a reasonable commission for the management of the same." Where recovery of compensation is sought under such a statute, unless the evidence establishes the amount of such commission beyond dispute, the triers of the fact must necessarily determine what is a reasonable commission before a recovery can be allowed. Smith v. Texas Co. (Tex. Com. App.) 53 S.W.(2d) 774, par. 9, and cases there cited. In this case Mrs. Kassner was the only witness who testified as to what commission should be allowed. She did not undertake to testify as to what would be a reasonable commission, but merely stated that she thought a commission of 5 per cent. "would be right." She was a party defendant and was therefore an interested witness, and her credibility and the weight to be given to her testimony was for the jury. Goodrich v. Pandem Oil Corp. (Tex. Com. App.) 48 S.W.(2d) 606; Thraves v. Hooser (Tex. Com. App.) 44 S.W.(2d) 916; Farm & Home Savings & Loan Ass'n v. Muhl (Tex. Civ. App.) 37 S.W.(2d) 316 (writ refused); Mitchell v. Federal Mortgage Company (Tex. Civ. App.) 45 S.W.(2d) 649; Dallas Trust & Savings Bank v. Pickett (Tex. Civ. App.) 59 S.W. (2d) 1090, par. 1, and cases there cited. Since the only evidence tending to show what would be a reasonable commission was the testimony of the defendant herself, and since she was an interested witness, the court had no authority to withdraw the issue from the jury and to determine the amount of such commission based on her testimony alone. Transcontinental Insurance Co. v. Frazier (Tex. Civ. App.) 60 S.W.(2d) 268, 269 and cases there cited.

At the time Gus Kassner died, the community estate owned 300 acres of land which was occupied and used by Mr. and Mrs. Kassner as their homestead. No particular 200 acres of said land was ever segregated from the remainder of said tract nor otherwise designated as a homestead. After Gus Kassner's death, Mrs. Kassner continued to use and occupy this land as her homestead until she abandoned the same in 1925. The court, in determining what amount was due the estate by Mrs. Kassner for rents and revenues collected and appropriated by her, apparently allowed her credit for all sums expended by her for upkeep and taxes on said entire 300-acre tract of land, but did not require her to account for the rents and revenues derived from 200 acres of said land during the time same was occupied by her because the same was exempt to her as a homestead. While Mrs. Kassner was entitled to use and occupy 200 acres of said land as a homestead and was not required to account for the rents and revenues therefrom, she was not entitled to be reimbursed for expenses incurred in making ordinary repairs and paying taxes on the 200 acres used and occupied by her as a homestead. 13 Tex. Jur. 843; Sargeant v. Sargeant, 118 Tex. 343, 15 S.W.(2d) 589; Clift v. Clift, 72 Tex. 144, 10 S. W. 338; Richardson v. McCloskey (Tex. Com. App.) 276 S. W. 680.

After Mrs. Kassner abandoned the homestead on the farm, she purchased a house and lot in the city of Marlin with funds alleged to belong to the community estate, and thereafter she and the unmarried daughters

occupied said newly acquired property as a homestead. She was so occupying it at the time of the trial. All parties seemed to have treated this city property as a part of the community assets and to have recognized in Mrs. Kassner a right to occupy the same as a homestead so long as she lives. The trial court ordered all of the property, except the house and lot so occupied by Mrs. Kassner, partitioned, but directed that said house and lot should not be partitioned so long as Mrs. Kassner lived and occupied the same. This was error. If it be conceded that said property constitutes Mrs. Kassner's homestead and that she has a right to continue to occupy same as such so long as she lives, nevertheless since said property constitutes a part of the community assets it must be taken into consideration in partitioning said estate. Such partition need not disturb Mrs. Kassner's right of occupancy, for such property may be set aside to her as a part of the property allotted to her in fee as her portion of the community estate. If the estate cannot be equitably partitioned without allotting said property to one of the children, it should be set aside to such child subject to Mrs. Kassner's right of occupancy. Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104; Meyers v. Riley (Tex. Civ. App.) 162 S. W. 955; Higgins v. Higgins, 61 Tex. Civ. App. 41, 129 S. W. 162; Haley v. Hail (Tex. Civ. App.) 135 S. W. 663 (writ refused); Jarrell v. Crow, 30 Tex. Civ. App. 629, 71 S. W. 397; Russell v. Russell (Tex. Civ. App.) 234 S. W. 935; McCanless v. Devenport (Tex. Civ. App.) 40 S.W.(2d) 903, par. 13.

The appellants present a proposition in which they contend that Mrs. Kassner mixed and mingled the assets of the community estate with her own private funds and failed to keep an accurate account of the funds belonging to the community estate and is now unable to accurately account to the heirs for their interest therein, and that by reason thereof they should be allowed to recover from said survivor the value of one-half of the community estate as shown by the inventory and appraisement filed by her at the time she qualified as survivor, with 6 per cent. interest thereon.

Revised Statutes, art. 3670, provides as follows: "The survivor shall keep a fair and full account and statement of all community debts and expenses paid by him, and of the disposition made of such community property; and, upon final partition of said estate, shall account to the legal heirs of the deceased for their interest in such estate, and the increase and profits of the same, after deducting therefrom all community debts, unavoidable losses, necessary and reasonable expenses, and a reasonable commission for the management of the same." Under the

above statute, it has been held that on account of the breadth of the power and discretion vested in the survivor he is not required to give an account of each transaction in detail as other trustees, but is only required to account in good faith for the aggregates or surplus of the community funds after the payment of the debts and expenses. 14 Tex. Jur. 616; Leatherwood v. Arnold, 66 Tex. 414, 1 S. W. 173. We are not prepared to say that the evidence establishes as a matter of law that the survivor has so failed to keep an account as to evidence bad faith and subject her to the severe penalty contended for by appellants. This proposition is overruled.

On account of the errors hereinbefore pointed out, the judgment of the trial court is reversed, and the cause remanded for a new trial.